I .PER CURIAM.
The application is granted.
This workers’ compensation proceedings comes before this court on an application *286 seeking review of a judgment by the court of appeal which reversed the dismissal of plaintiffs action by the Office of Workers’ Compensation.
Upon review of the record, we determine that the appeal in the present proceeding was from an April 20, 1992 judgment dismissing an action for nullity of judgment rather than from the June 10, 1991 dismissal of the workers’ compensation action, from which no timely appeal had been filed.
The following dates and actions are pertinent to our decision:
1-25-91 Plaintiff filed a workers’ compensation action in proper person.
4-18-91 The Hearing Officer issued an order stating that he would entertain a motion to dismiss the action if the plaintiff did nothing on his claim within thirty days.
6-10-91 On defendant’s motion, the Hearing Officer signed motion to dismiss plaintiffs workers’ compensation action with prejudice, and notice of the dismissal was mailed on the same day.
2-6-92 Plaintiff filed a petition to annul the June 10, 1991 judgment of dismissal.
| ⅞4-20-92 The Hearing Officer denied the petition to annul the June 10,1991 judgment of dismissal.
6-19-92 Plaintiff filed a devolutive appeal.
5-5-94 Defendant moved to dismiss the appeal.
2-7-95 The court of appeal denied defendant’s motion to dismiss.
6-23-95 The court of appeal reversed the June 10, 1991 dismissal of plaintiffs workers’ compensation action in an unpublished opinion on the basis that the Hearing Officer abused his discretion by dismissing plaintiffs action with prejudice because of plaintiffs failure to take action within thirty days of the Hearing Officer’s prior order.
The court of appeal erred in reversing the June 10,1991 judgment of dismissal of plaintiffs workers’ compensation action, because the judgment of dismissal became res judica-ta there was no timely appeal from that dismissal. Furthermore, the June 19, 1992 appeal, although untimely for review of the June 10, 1991 dismissal of the workers’ compensation action, was timely to review the April 20, 1992 dismissal for nullity of judgment.[1] It is therefore appropriate to remand the ease to the court of appeal to decide the merits, if any, of the appeal from the dismissal of the action for nullity of judgment, which have limited grounds for relief and which cannot be used as a substitute for a timely appeal.
Accordingly, the judgment of the court of appeal is reversed, and the case is remanded to the court of appeal to review the April 20, 1992 judgment dismissing the action for nullity of judgment.
*287 1

. The June 19, 1992 motion for appeal did not purport to appeal the judgment of dismissal of the workers’ compensation action, but simply stated that the order denying the petition to annul that judgment was signed on April 20, 1992.