670 So.2d 611 (1996)
Paul B. COVINGTON, Plaintiff-Appellant
v.
A-ABLE ROOFING, INC., Defendant-Appellee.
No. 95-1126.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
*612 James Patrick MacManus, Lafayette, for Paul B. Covington.
Robert Earl Godwin, Lafayette, for A-Able Roofing Inc. et al.
Before PETERS, AMY and SULLIVAN, JJ.
PETERS, Judge.
Paul Covington is the claimant in a worker's compensation case filed against his employer, A-Able Roofing, Inc. (A-Able Roofing). Judgment was rendered by an administrative hearing officer of the Office of Worker's Compensation Administration awarding Covington compensation benefits, penalties, and attorney fees. Covington subsequently filed a rule with the Office of Worker's Compensation to have the judgment made executory against Gerold Burrow, the owner of A-Able Roofing, alleging that Burrow was the alter ego of the company. Burrow responded to this rule by filing a dilatory exception asserting the unauthorized use of summary proceedings and a declinatory exception asserting the lack of subject matter jurisdiction. The hearing officer rendered judgment granting Burrow's exceptions. Covington has appealed the issue of subject matter jurisdiction, and Burrow has answered the appeal seeking damages and attorney fees.

DISCUSSION OF RECORD
In March of 1992, Covington filed a claim for worker's compensation benefits with the Office of Worker's Compensation Administration naming A-Able Roofing as his employer. Covington alleged that on February 17, 1992, he suffered a compensable accident in which he sustained a crushed right heel. The hearing officer found that Covington was an employee of A-Able Roofing, was subject to the provisions of the Louisiana Worker's *613 Compensation Act, and was acting within the course and scope of his employment with A-Able Roofing at the time of the accident. On October 11, 1993, a judgment was rendered ordering A-Able Roofing to pay Covington temporary total disability benefits and permanent partial disability benefits for thirty percent impairment to his foot. That judgment also ordered A-Able Roofing to pay past and future medical bills, retraining costs, penalties, and attorney fees of $12,000.00. A-Able Roofing ceased doing business not long after Covington's accident, and it appears the company did not have workers' compensation insurance at the time of the accident.
On September 6, 1994, Covington filed in the worker's compensation proceedings a rule seeking to have the October 11, 1993 judgment rendered against A-Able Roofing made executory against Gerold Burrow individually as the alter ego of A-Able Roofing. Burrow filed a dilatory exception asserting that the rule was an ordinary proceeding not amenable to summary proceedings and a declinatory exception asserting that the administrative hearing officer did not have subject matter jurisdiction to pierce the corporate veil and hold him liable as the alter ego of A-Able Roofing. Judgment was rendered on April 4, 1995, denying Covington's motion to make the judgment executory against Burrow and granting Burrow's exceptions of unauthorized use of summary proceedings and lack of subject matter jurisdiction.

OPINION
Covington asserts that the hearing officer erred in concluding subject matter jurisdiction was not vested in the Office of Worker's Compensation Administration proceedings. We disagree and affirm that portion of the judgment granting the exception of lack of subject matter jurisdiction.
La.R.S. 23:1310.3(E) provides:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter.

(Emphasis added).[1]
For a hearing officer to have original jurisdiction pursuant to this statute, a claim must actually arise out of the Worker's Compensation Act, rather than merely relate to worker's compensation in general. Cajun Bag & Supply v. Baptiste, 94-1218 (La.App. 3 Cir. 3/1/95); 651 So.2d 943. This court will not read La.R.S. 23:1310.3 more broadly than its explicit language since the general rule is that district courts are vested with original jurisdiction and exceptions to this general rule are to be narrowly construed. Id.
Covington's rule seeks to have the hearing officer determine whether Burrow is the alter ego of A-Able Roofing. While the issue relates generally to Covington's underlying worker's compensation claim, it does not arise out of the Worker's Compensation Act, La.R.S. 23:1021 et seq. Rather, suits involving the alter ego doctrine fall under the Business Corporation Law, La.R.S. 12:1 et seq.[2] Such claims involve a determination of the relationship between a corporation and a shareholder and may arise in contexts other than workers' compensation claims. Thus, under La.R.S. 23:1310.3(E), the hearing officer did not have subject matter jurisdiction over this matter.[3]
*614 On appeal, Covington contends that the authority for piercing the corporate veil lies in La.R.S. 23:1310.5(A), which provides:
(1) Insofar as may be possible, all the evidence pertaining to each case, except as to noncontested matters, shall be heard by the hearing officer initially assigned to the case. Upon the completion of such hearing or hearings, the hearing officer shall make such order, decision, or award as is proper, just, and equitable in the matter.
However, this provision presupposes that the hearing officer has jurisdiction over the subject matter. Since we hold that the hearing officer did not have subject matter jurisdiction, we find this argument without merit. Additionally, we distinguish Withers v. Timber Prods., Inc., 574 So.2d 1291 (La.App. 3 Cir.), writ denied, 580 So.2d 378 (La.1991), a worker's compensation suit which involved application of the alter ego doctrine, since that suit was heard by a district judge and not a hearing officer.
Burrow has answered this appeal seeking damages and attorney fees for frivolous appeal. La.Code Civ.P. art. 2164 provides that the appellate court may award damages for frivolous appeal. However, such damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, that serious legal questions are not raised, or that counsel does not seriously believe in the position he advocates. Fontenot v. Flaire, Inc., 26,055 (La.App. 2 Cir. 8/17/94); 641 So.2d 1062. In this case, we do not find that the appeal was taken solely for the purpose of delay. Indeed, it is to Covington's advantage to have the suit brought quickly in a court of proper jurisdiction so that in the event of a favorable verdict, he can proceed against Burrow to obtain the money which he is due. Additionally, we find that the appeal raises a serious legal issue. We have not found a case directly on point, and the statute at issue is open to interpretation. Finally, it is not clear that Covington's counsel does not seriously believe in the position he advocates. Therefore, we deny Burrow's claim for damages and attorney fees for frivolous appeal.

DISPOSITION
For the foregoing reasons, we affirm the administrative hearing officer's judgment granting the exception of lack of subject matter jurisdiction. We deny the defendant's claim for damages and attorney fees for frivolous appeal. All costs are assessed to Paul B. Covington.
AFFIRMED.
NOTES
[1] La.R.S. 23:1101(D) involves suits against third persons, and La.R.S. 23:1378(E) involves the Second Injury Fund.
[2] Specifically, La.R.S. 12:93(B) provides that "[a] shareholder of a corporation organized after January 1, 1929, shall not be liable personally for any debt or liability of the corporation." However, where a corporation is found to be simply the alter ego of the shareholder, the court may ignore the corporate fiction and hold the shareholder liable. Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164 (La.1991).
[3] See also Cajun Bag & Supply, 651 So.2d 943 (holding that the hearing officer lacked authority to consider an employer's claim for reimbursement for worker's compensation benefits it paid to its employee who was not entitled to receive the benefits); Gordon v. Waste Management of New Orleans (Residential), 94-1252 (La.App. 4 Cir. 12/15/94); 648 So.2d 1037 (holding that the hearing officer did not have jurisdiction to hear a claim by the employer for credit or offset of future compensation against the amount of the tort settlement between the plaintiff and third-party tortfeasor), writ denied, 95-0691 (La. 4/28/95); 653 So.2d 595; Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992) and Fontenot v. Flaire, Inc., 26,055 (La.App. 2 Cir. 8/17/94); 641 So.2d 1062 (holding that a cause of action for retaliatory discharge is not a worker's compensation matter).