676 So.2d 1128 (1996)
CITY OF JENNINGS POLICE DEPARTMENT, Plaintiff-Appellee,
v.
Jo Anna DORR, Defendant-Appellant.
No. 96-244.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1996.
Christopher R. Philipp, Lafayette, for City of Jennings Police Dept.
Lawrence N. Curtis, Lafayette, for Jo Ann Dorr.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
SAUNDERS, Judge.
In this matter, the employee-appellant appeals a judgment of dismissal with prejudice that was filed ex parte by her employer. She claims the dismissal is over broad and contains terms she did not agree to.[1] We find favor in claimant's arguments, vacate the judgment of the hearing officer, and award claimant $1,000.00 for attorney's fees.

FACTS
In 1991, claimant, Jo Anna Dorr, was adjudged totally and permanently disabled as the result of a work-related accident of May 6, 1987. Her employer was the City of Jennings Police Department. This dispute arose in August of 1993 when claimant's employer discontinued paying for claimant's medical treatment which she had been receiving for a number of years. Its Form 1008 alleged that claimant's medical benefits had been terminated because claimant had refused to submit herself "for examination and treatment" *1129 by a physician, Dr. Kevin Gorin, of the employer's selection. [Emphasis added.]
In response, claimant suggested that the employer was legally permitted to have her examined, but it could not compel her to submit to treatment by a doctor of the employer's choosing.
Eventually, the dispute concerning claimant's medical treatment was settled between the parties, leading to the judgment of dismissal from which this appeal arises. Signed by the hearing officer, the judgment stated as follows:
IT IS ORDERED that this action is hereby dismissed, with full prejudice to all rights of all parties, with plaintiff [the Police Department] to bear all costs.[2]
[Emphasis added.]
This appeal arises from claimant's displeasure with the language emphasized above. She is concerned that the apparent breadth of the compromise could one day lead to an unwarranted plea of res judicata with respect to her receipt of future benefits.
The record is sparse, but does contain ample evidence to require reversal. Because the employer's petition for settlement was neither signed by all parties nor verified by the employee, the judgment of dismissal patently lacks the statutory prerequisites for a valid settlement. La.R.S. 23:1272(A); Colbert v. Louisiana State Univ. Dental Sch., 446 So.2d 1204 (La.1984); Sanders v. Harrisonburg Nursing Home, 95-114 (La.App. 3 Cir. 5/31/95); 657 So.2d 394, writ denied, 95-1629 (La. 10/6/95); 661 So.2d 469. Therefore, on this basis alone, the judgment cannot stand. Moreover, as claimant observes, the hearing officer erred in dismissing her case with prejudice as the Office of Workers' Compensation retains continuing jurisdiction over proceedings falling within its jurisdiction. La.R.S. 23:1310.8; Jones v. Murphco of Florida, 93-540 (La.App. 3 Cir. 2/16/94); 640 So.2d 335. See generally, Brown v. Big Star of Bastrop, 26,965 (La. App. 2 Cir. 5/10/95); 655 So.2d 579.

Attorney's Fees
Next, we consider whether claimant is entitled to attorney's fees for having to file this appeal. We conclude that she is.
Attorney's fees are available where an employer or insurer attempts to coerce an employee to go to a company doctor rather than one of his own choosing. It is the right of the employee, not the employer, to select the physician for treatment of his disabling condition. "This is so because the trust and confidence needed in a patient-doctor relationship is important to successful treatment." Williams v. Western Preferred Cas. Ins. Co., 465 So.2d 191, 195 (La.App. 3 Cir. 1985), citing, Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App. 3 Cir.1982). This appeal is before this court only because of the employer's efforts to have claimant treated by a physician of its own choosing, when it had knowledge that claimant already had treating physicians of her own choosing, and because of its illicit ex parte actions, which required claimant to file this appeal in order to avoid the risk of a res judicata determination in the future, La. R.S. 23:1272(B), or the need to file a nullity action. See generally, Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980) and Townsend v. PPG Industries, Inc., 628 So.2d 1204 (La.App. 3 Cir.1993), writ denied, 94-52 (La. 3/18/94); 634 So.2d 852. Cf. Sanders, 657 So.2d 394, wherein claimant was not entitled to penalties or attorney's fees since there was no judgment which required our reversal.
Although the record is thin and the legal issues relatively straightforward, clearly some effort was required of claimant's counsel in connection with this appeal. We believe that attorney's fees of $1,000.00 will adequately compensate claimant for the legal expenses occasioned by this appeal and award same.

DECREE
For the foregoing reasons, the judgment of the hearing officer is vacated, and claimant is *1130 awarded attorney's fees of $1,000.00, at the employer's costs.
JUDGMENT VACATED; ATTORNEY'S FEES OF $1,000.00 IMPOSED.
NOTES
[1] Her employer submitted no briefs to refute the factual or legal arguments waged by the employee.
[2] The preceding language followed prefatory language suggesting that the matter had been compromised by and between the parties. Both the Motion and Order were prepared by the employer with no apparent input from claimant.