692 So.2d 635 (1997)
Thomas E. MARTIN, Plaintiff-Appellant,
v.
RED SIMPSON, INC. and Travelers Insurance Co., Defendants-Appellees.
No. 96-1177.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1997.
John Taylor Bennett, Marksville, Lonny E. Guidroz, Livonia, for Thomas E. Martin.
Steven J. Bienvenu, Opelousas, for Red Simpson, Inc., et al.
Before DOUCET, C.J., and WOODARD and GREMILLION, JJ.
WOODARD, Judge.
Workers' compensation claimant appeals order of the workers' compensation hearing officer vacating prior judgment and denying acceleration of benefits. We affirm.

FACTS
On September 22, 1988, plaintiff Thomas Martin (Martin) was injured while in the course and scope of his employment with *636 defendant, Red Simpson, Inc. (Simpson). On March 9, 1994, a judgment was rendered by the Office of Workers' Compensation awarding Martin temporary total disability payments for injuries to his back, neck, and shoulders. Simpson appealed the judgment, filed a petition to annul judgment, and filed a motion to stay the appeal, alleging that it had obtained information that Martin committed perjury during the workers' compensation hearing. This court refused to stay the appeal, and, on February 1, 1995, upheld the judgment of the hearing officer. Martin v. Red Simpson, Inc., 94-817 (La.App. 3 Cir. 2/1/95); 649 So.2d 1155. (Martin I). On July 14, 1995, Martin filed a petition to accelerate benefits, pursuant to La.R.S. 23:1333, claiming that while Simpson had paid past due indemnity benefits, it had failed to pay the weekly benefits due under the Martin I judgment. These matters were consolidated for a hearing on February 9, 1996. In a judgment rendered March 9, 1996, the hearing officer annulled the March 9, 1994, judgment and rendered judgment against Martin, denying him any future benefits after October 19, 1995.

ASSIGNMENTS OF ERROR
Martin claims the following assignments of error:
(1) The Workers' Compensation Court erred in overruling the Appellant's exception of lack of subject matter jurisdiction because the Workers' Compensation Court is not vested with the authority to hear such matters which should be brought in a district court of proper venue.
(2) The Workers' Compensation Court erred in annulling the original judgment, as it is the Appellant's position that the proper remedy under the Workers' Compensation statutes is a modification of benefits if a change in circumstances is shown.
(3) The Workers' Compensation Court erred in finding that the benefits due the Appellant should not be accelerated.

LAW

POWER TO ANNUL
In his first assignment, Simpson asserts that the workers' compensation hearing officer erred in overruling its exception of lack of subject matter jurisdiction because workers' compensation tribunals are not vested with the authority to hear such matters, which should be brought in a district court of proper venue. In support of this assertion, Martin argues that workers' compensation tribunals are vested with authority to hear only matters specifically granted to them by the legislature and the constitution; that is, simply to hear and decide workers' compensation matters. Martin claims that the power to annul a prior judgment based on fraud or ill practices is not a workers' compensation matter. Because the Workers' Compensation Act does not specifically grant hearing officers the power to nullify judgments, Martin argues that the hearing officer lacked jurisdiction over the matter because annulment of judgments is not a workers' compensation matter.
For the following reasons, we find this argument to be without merit. La.R.S. 23:1310.3(E) states:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter.
(Emphasis added.) La. Const. Art V, § 16(A)(1) provides:
Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.
§ 2105 of the Hearing Rules of the Office of Workers' Compensation states that:
[a]ny matter of practice or procedure not delineated herein and not in conflict with either the Workers' Compensation Act or these rules will be guided by practice and procedure followed in the district courts of this state....
*637 Workers' compensation tribunals are administrative tribunals with limited jurisdiction. If a dispute "arises out" of the Workers' Compensation Act, and the procedure for resolving that dispute is not delineated in the Hearing Rules, hearing officers are to apply the provisions of the Code of Civil Procedure.
Based on the above provisions, district courts are divested of jurisdiction over all workers' compensation matters, which are determined by workers' compensation tribunals. Notwithstanding, while Art. V, § 16(A)(1) vests jurisdiction over workers' compensation matters in these tribunals, not every action related to workers' compensation is considered a workers' compensation matter. In Cajun Bag and Supply v. Baptiste, 94-1218 (La.App. 3 Cir. 3/1/95); 651 So.2d 943, 948, this court stated:
We believe LSA-R.S. 23:1310.3 requires that a claim actually "arise out" of the Worker's Compensation Act, rather than merely relate to worker's compensation in general, for hearing officers to enjoy original jurisdiction over it.
Because of the foregoing, this court held that an action by an employer for reimbursement of benefits paid to an employee, who was not entitled to receive them, must be brought in district court. This court reasoned that such an act, although generally related to workers' compensation, did not "arise out" of the act itself. Other actions have also been determined to not "arise out" of the Act and have identified areas deemed to be related to, but not "arising out" of, the workers' compensation statute; such as: no jurisdiction to determine the relationship between a corporation and its stockholders, Covington v. A-Able Roofing Inc., 95-1126 (La.App. 3 Cir. 3/6/96); 670 So.2d 611; interpretation of insurance policy between employer and insurer, Williams v. Midwest Employers Cas. Co., 28,118 (La.App. 2 Cir. 2/28/96); 669 So.2d 616, writ denied, 96-0820 (La.5/17/96); 673 So.2d 610; and retaliatory discharge. Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992).
As can be seen, the issues decided in these cases were not related to the tribunal's "determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of workers' compensation benefits." Id. at 339. Rather, they were collateral matters not associated with the claims. In the present case, however, the matter at hand is directly related to determining whether Martin is or was entitled to workers' compensation benefits. Therefore, it "arises out of the workers' compensation statute, and the tribunal has jurisdiction to decide the matter.
Martin, however, argues that workers' compensation tribunals are only empowered to modify judgments, not vacate them. He cites Willis v. Travelers Ins. Co., 545 So.2d 721 (La.App. 3 Cir.1989) for the proposition that, because a petition to annul must be brought as an ordinary proceeding, and not a summary proceeding, workers' compensation tribunals have no jurisdiction to apply the substantive body of law governing nullity actions, which must be brought in district court. Our reading of Willis, however, does not support such an assertion. While Martin correctly cites Willis for the proposition that a petition to annul must be brought as an ordinary proceeding, and not an ex parte proceeding, it does not follow that a workers' compensation tribunal is divested of jurisdiction over such proceedings. Willis simply holds that a court or tribunal hearing a petition to annul must do so through an ordinary proceeding, that is, proper citation and service must be effectuated. In the present case, a hearing was held where both parties were present and admitted evidence. This was not a summary proceeding. Therefore, Willis does not apply.
Furthermore, while neither party was able to cite a case which answers the present question, numerous cases have implicitly upheld the power of workers' compensation tribunals to nullify prior judgments. For example, in City of Jennings Police Dept. v. Dorr, 96-244 (La.App. 3 Cir. 6/26/96); 676 So.2d 1128, 1129, this court concluded that:
"This appeal is before this court only because of the employer's efforts to have claimant treated by a physician of its own choosing, when it had knowledge that claimant already had treating physicians of her own choosing, and because of its illicit ex parte actions, which required claimant *638 to file this appeal in order to avoid the risk of a res judicata determination in the future, La.R.S. 23:1272(B), or the need to file a nullity action."

(Third emphasis added.) Were workers' compensation tribunals without jurisdiction to nullify prior judgments, this court would not have delineated such an action as an avenue for claimants to avoid the risks of res judicata. The Dorr case directly applies to the case sub judice. Based on the hearing officer's original decision and award, Martin was entitled to past due and future benefits. If hearing officers were only empowered to modify, but not vacate, judgments, Simpson would have no recourse by which to avoid the res judicata effects of the prior judgment.
Likewise, in Williams v. Area Wholesale Tire Co., Inc., 95-2273 (La.1/26/96); 666 So.2d 285, 286, the supreme court remanded the case
to the court of appeal to decide the merits, if any, of the appeal from the dismissal of the action for nullity of judgment, which have limited grounds for relief and which cannot be used as a substitute for a timely appeal.
Surely the supreme court would not remand a case for a determination of whether the hearing officer should have granted a nullity action if the hearing officer was without jurisdiction to grant a nullity action.
Furthermore, the fifth circuit, in Morris v. East Baton Rouge Parish School Bd., 93-2396 (La.App. 1 Cir. 3/3/95); 653 So.2d 4, was confronted with a situation in which the claimant could not rely on the provisions of La.R.S. 23:1272(B), which allow a hearing officer to set aside a compromise settlement. The court, however, stated that:
notwithstanding the fact that LSA-R.S. 23:1272(B) does not afford Morris a right to set aside the hearing officer's judgment under the facts of this case, we must determine if Morris is afforded such a right under the general procedural devices found in the Louisiana Code of Civil Procedure. In this regard, Morris has chosen to pursue the nullity action.
Id. at 6. The court went on to hold that:
LSA-R.S. 23:1272(B) is limited to fraud or misrepresentation made primarily by the employee or the employer, but LSA-C.C.P. art.2004 extends to fraud or ill practices by anyone if it leads to a final judgment being obtained by such actions.
Id. at 7. Based upon this prior jurisprudence, we find that workers' compensation hearing officers have the power to annul prior judgments under these facts. Therefore, this assignment is without merit.

MODIFICATION
Because we have found above that workers' compensation hearing officers have the power to annul prior judgments, we must now determine whether the hearing officer erred in vacating, rather than modifying, her original judgment, as Martin asserts in his second assignment of error.
In support of this assertion, he argues that there must be a causal relationship between the fraud or ill practice and the obtaining of judgment. Because no medical evidence was presented by Simpson in support of its contention that Martin committed fraud or ill practices, or that the circumstances of his medical condition had changed since the original judgment awarding him benefits, Martin maintains that the hearing officer erred in annulling the judgment. We do not agree.
In her written reasons for judgment, the hearing officer cites portions of the record from the original hearing in which Martin testified that he had done no work and earned no money since his accident. The hearing officer further listed the testimony of numerous individuals who stated that Martin had done work for them. Martin's former spouse, Nina Martin Todd, testified not only that Martin was working and earning money, but that Martin had been doing so even prior to the original hearing on the matter. Finally, Simpson introduced videotaped evidence which showed Martin working as a roofer at the same time he was petitioning the Office of Workers' Compensation for acceleration of benefits.
In the face of this overwhelming and disgraceful evidence, Martin argues that, because no evidence was presented to refute the fact that he was injured, the hearing officer should have modified her earlier judgment to take into account the "change" in his medical condition. This argument misses the point. Injury alone does not entitle one to *639 workers' compensation benefits. Only those injuries which preclude the employee from working are compensable. Based on the evidence presented at the hearing to annul, the hearing officer concluded not only that Martin was presently able to work, but also that he had been able to work at the time of the original hearing. Thus, the hearing officer concluded that Martin's false statements at the original hearing were causally related to the award of benefits. Because the award was obtained through Martin's fraud and ill practices, that is, because Martin perjured himself at the original hearing, the hearing officer correctly nullified that judgment. As such, this assignment has no merit.
Since we have already determined that the hearing officer did not err in vacating the original judgment, we need not address Martin's third assignment of error relating to acceleration of benefits. Once a judgment is annulled, it is as if it never existed. With no judgment awarding benefits, that is, with no benefits due, there can be no underlying action for acceleration of those benefits. As such, Martin's third assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the decision of the Office of Workers' Compensation is affirmed. All costs are to be paid by the plaintiff.
AFFIRMED.