ItGREMILLION, Judge.
The plaintiff, R.V. Lee, appeals the judgment of the workers’ compensation judge granting summary judgment in favor of the defendants, M & 0, Inc. and it workers’ compensation carrier, Employers Insurance of Wausau a Mutual Company (collectively referred to as Wausau). The workers’ compensation judge held that Wausau was entitled to reimbursement of $73,742 from Lee, representing the amount overpaid by Wausau as a result of the Social Security Administration’s reversal of its offset retroactive to February 1991. For the following reasons, we affirm in part and reverse in part.
FACTS
The facts in this case are not disputed. Lee suffered a work-related injury on August 24, 1990, and filed a disputed claim for compensation against Wausau, seeking compensation benefits and medical expenses. Wausau began paying weekly compensation benefits in the amount of $276 to Lee from the date of his injury. On November 30, 1990, Wausau answered, filing exceptions of lack of subject matter jurisdiction and no cause of action.[1] It also asserted its right to an offset pursuant to La.R.S. 23:1255. Lee began receiving Social Security disability benefits in February 1991.
On February 13, 1996, Wausau requested Social Security disability information pertaining to Lee be forwarded to the Office of Workers’ Compensation. On July 15, 1996, it moved the Office of Workers’ Compensation to reopen Lee’s file |?so the parties could litigate its offset rights. On September 20, 1996, the workers’ compensation judge issued an ex parte order granting Wausau an offset in the amount of compensation benefits paid to Lee and ordering the Social Security Administration to reverse its offset effective July 15, 1996. Wausau filed a Motion to Annul Judgment arguing that the ex parte order listed the date of its judicial demand requesting the offset as July 15, 1996, instead of November 27, 1990. Wausau stopped paying weekly compensation benefits to Lee on December 6, 1996. However, it dismissed its motion and moved for a devolutive appeal. On December 12, 1996, the Social Security Administration updated its previously submitted information concerning Lee’s disability information.
On appeal, we remanded the matter to the Office of Workers’ Compensation finding that the workers’ compensation judge erred in issuing the ex parte order granting Wausau the La.R.S. 23:1225(A) offset, since the record contained no proof that Lee was permanently and totally disabled. Lee v. M & O, Inc., 97-141 (La.App. 3 Cir. 6/11/97); 698 So.2d 6. On November 14, *126 1997, the parties entered into a Partial Consent Judgment, which provided:
It has been agreed by all parties that [Wausau is] entitled to assert the Social Security Offset as provided in LSA R.S. 23.T225A.
Considering the law and evidence, and in particular,, the pertinent medical and vocational reports, the parties have consented to this Court entering a Judgment in favor of [Wausau] with respect to the aforementioned offset rights.
It is HEREBY ORDERED that [Lee] is at the present time permanently and totally disabled, and that [Wausau] be permitted to reduce the monthly payments to [Lee] retroactive to the date of [Lee’s] initial entitlement to and receipt of social security benefits in February of 1991.
I «IT IS FURTHER FOUND that judicial demand for the offset was made November 27,1990.
IT IS FURTHER ORDERED that the amount of allowable offset is $1,178.30 per month as per the Form LDOL-WC-1004 entitled Request For Social Security Disability Information signed by the Social Security Administration dated December 11,1996.
IT IS FURTHER ORDERED that [Wausau] will not apply the offset until Social Security has removed its offset.
On November 21, 1997, Wausau forwarded the Partial Consent Judgment to the Social Security Administration requesting removal of its offset retroactive to November 27, 1990. A follow-up request was sent on April 7, 1998. In accordance with the judgment, the Social Security Administration reversed its offset in 1998, retroactive to February 1991, and refunded $77,117 to Lee. Thereafter, Wausau commenced taking the La.R.S. 23:1225(A) offset.
On November 12, 1998, Wausau filed a Petition for Modification to Enforce Partial Consent Judgment of November 14, 1997, or Alternatively, Petition for Declaratory Judgment Regarding Offset Rights. It alleged that Lee received in excess of $70,000 from the reversal of the Social Security Administration’s offset retroactive to February 1991. Wausau claimed that this resulted in Lee receiving an unjust double recovery and a windfall which prevented it from attaining “its full offset rights under Section 1225A.” Thus, Wau-sau asked that the Partial Consent Judgment be enforced requiring Lee to turn over the refunded amount or, alternatively, that the judgment be modified so as to allow it to receive the funds or a credit against its future compensation benefits and/or medical expenses obligations.
Lee answered this petition and then filed a disputed claim for compensation alleging that Wausau arbitrarily and capriciously denied medical Rservices and the payment of medical expenses. In response, Wausau filed a motion for summary judgment arguing that it was entitled to reimbursement of the full amount of compensation benefits overpaid by it as a result of the Social Security offset. In the alternative, it argued that it was entitled to judgment granting it a credit in the amount of $77,117 against its future compensation and medical benefits obligations.
The workers’ compensation judge issued an oral ruling granting Wausau’s motion for summary judgment. Thereafter, judgment was rendered in this matter. This appeal by Lee followed.
ISSUES
Lee raises three assignments of error on appeal:
1) The workers’ compensation judge erred in asserting jurisdiction in this unjust enrichment claim.
*127 2) The workers’ compensation judge erred in finding that the language of the Partial Consent Judgment gave Wausau the right to make a claim for the amount reimbursed to him by the Social Security Administration.
3) The workers’ compensation judge erred in allowing the offset to include an offset against medical expenses.
STANDARD OF REVIEW
Appellate review of a question of law is simply a decision as to whether the lower court’s decision is legally correct or incorrect. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699. If the trial court’s decision was based on its erroneous application of law, rather than on a valid exercise of discretion, its decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). When an appellate court finds |Bthat a reversible error of law was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).
JURISDICTION
In his first assignment of error, Lee argues that the workers’ compensation judge erred in asserting jurisdiction in this matter since it concerned a claim for unjust enrichment.
La.R.S. 23:1310.3(E) provides:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers for indemnification or contribution.
Lee argues that jurisdiction does not rest with the Office Workers’ Compensation Administration since Wausau is not claiming an overpayment of benefits and there is no dispute as to its right of offset. We disagree. Wausau is demanding recovery of its overpayment of benefits as a result of the offset taken by the Social Security Administration. Thus, Wausau’s claim clearly brings this matter under the jurisdiction of the Workers’ Compensation Administration. The workers’ compensation judge did not err in finding that she had jurisdiction to decide this matter. Accordingly, this assignment of error is dismissed as being without merit.
PARTIAL CONSENT JUDGMENT
In his second assignment of error, Lee argues that the workers’ compensation judge erred in finding that Wausau had a right, via the Partial Consent | (jJudgment, to claim the funds reimbursed to him by the Social Security Administration. He argues that the language of the judgment is not ambiguous and that it fails to “address and cannot control whether a reimbursement for monies received by the Social Security Administration is due Wau-sau.” In the absence of a statute giving Wausau the right to reimbursement, he argues that it is only entitled to the offset it commenced taking in 1998.
The workers’ compensation judge stated that, pursuant to the consent judgment and La.R.S. 23:1225(A), Lee was not entitled to receive both full compensation benefits and full Social Security disability benefits. Since the consent judgment was a contract, setting forth the rights and duties of the parties, the workers’ compensation judge held that Wausau was entitled *128 to reimbursement of $73,792, representing the amount of compensation benefits received by Lee while the Social Security Administration was taking its offset, retroactive to February 1991.
We disagree with Lee’s interpretation of the Partial Consent Judgment. That judgment clearly provides Wausau with the right to reimbursement of benefits it overpaid Lee while he was receiving Social Security disability benefits. • To hold differently would effectively rewrite the judgment by removing the word “retroactive.”
Considering the purpose of La.R.S. 23:1225(A) in limiting the amount of workers’ compensation benefits and Social Security disability benefits an injured worker is entitled to receive, there can be no doubt that the parties intended Wausau to recover any amounts overpaid as a result of the offset taken by the Social Security Administration. If Lee is allowed to retain the funds, he will have received more than Weighty percent of his average current earnings, exceeding the cutoff for an employee receiving both types of benefits as provided by 42 U.S.C. § 424a(a). Al Johnson Const. Co. v. Pitre, 98-2564 (La.5/18/99); 734 So.2d 623. Since we find that the language of the Partial Consent Judgment provides Wausau the right to claim the reimbursement, there is no error in the workers’ compensation judge’s interpretation of that judgment. This assignment of error is dismissed.
CREDIT AGAINST FUTURE MEDICAL EXPENSES
In his final assignment of error, Lee argues that the workers’ compensation judge erred in allowing Wausau to recoup the benefits it overpaid Lee by offsetting its obligation for future medical expenses. We agree.
La.R.S. 23:1225(A) provides in pertinent part (emphasis added):
The benefits provided for in this Sub-part for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Sub-chapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423....
Clearly, from a plain reading of the language of the La.R.S. 23:1225(A), the benefits which are to be reduced are those found in Subpart B, entitled “Disability Benefits.” Subpart B is found in Part II “Benefits” of Chapter 10 “Workers’ Compensation.” Medical expenses are provided for in Subpart A “General Provisions.” Thus, the workers’ compensation judge erred in granting Wausau a credit against any future medical expenses owed on behalf of Lee. That portion of her judgment is reversed.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation | ¿judge granting a future credit against medical expenses owed by Wausau on behalf of Lee is reversed. The judgment is affirmed in all other respects. The costs of this matter are assessed fifty percent to the plaintiff-appellant, R.V. Lee, and fifty percent to the defendants-appellees, M & 0, Inc. and Employers Insurance of Wau-sau a Mutual Company.
AFFIRMED IN PART AND REVERSED IN PART.

. Although the record states that Wausau's answer, containing the request for offset, was filed on November 30, 1990, the parties agreed in the Partial Consent Judgment that the date of judicial demand was November 27, 1990, the date of certification by Wausau’s counsels.