787 So.2d 601 (2001)
ELLENDER'S PORTABLE BUILDINGS, INC., et al.
v.
Chris A. CORMIER.
No. 00-1724-CW.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
*602 Scott J. Pias, Attorney at Law, Lake Charles, LA, Counsel for Defendant/Applicant: Chris A. Cormier.
Troy A. Broussard, Allen & Gooch, Lafayette, LA, Counsel for Plaintiffs/Respondents: Ellender's Portable Buildings, Inc., Safety National Casualty Corp., Sedgwick Claims Management Services, Inc.
Court composed of COOKS, WOODARD, and PETERS, Judges.
PETERS, J.
Chris A. Cormier applied for a supervisory writ from a judgment of the district court denying his exception questioning the subject matter jurisdiction of the district court. For the following reasons, we reverse the district court's judgment denying the exception and dismiss the action filed against Cormier.

DISCUSSION OF THE RECORD
This litigation originates from a workers' compensation claim brought by Cormier against his employer, Ellender's Portable Buildings, Inc. (Ellender), and its insurer, Safety National Casualty Corporation (Safety National). In the claim, Cormier asserted that he sustained physical injuries from a December 3, 1996 work accident. The parties negotiated a settlement of the claim and presented the settlement proposal for approval by the workers' compensation judge presiding over the claim within the Office of Workers' Compensation (OWC). Basically, the settlement proposal provided that Cormier would receive $57,250.00 in exchange for a letter of resignation from employment and a full release of his employer and insurer from any claims arising from the work accident. The workers' compensation judge orally approved the settlement proposal in open court on May 3, 2000, and on May 25, 2000, executed a written judgment approving the settlement and dismissing the claim.
On June 14, 2000, Ellender, Safety National, and Sedgwick Claims Management Services, Inc. (the employer/insurer's third-party administrator) filed an action in district court against Cormier, seeking to set aside the settlement. In the suit, the plaintiffs alleged that Cormier fraudulently induced them into the settlement by misrepresenting his physical abilities, limitations, and restrictions. On the same day, the same parties filed a Form 1008, DISPUTED CLAIM FOR COMPENSATION, with the OWC, seeking the same relief. It is the district court litigation that is now before us.
Cormier responded to the district court action by filing an exception asserting that "[t]he pleadings allege a matter directly related to determining whether defendant is entitled to workers' compensation benefits and thus arises out of the Workers' Compensation Statute and [the district court] lacks jurisdiction to decide the matter." Thereafter, the plaintiffs filed a supplemental and amending petition seeking *603 damages from Cormier which they claim to have sustained as a result of the alleged fraud. After a hearing, the district court denied the exception, and Cormier filed this application for supervisory writs.

OPINION
The district court relied on the provisions of La.R.S. 23:1310.8(A)(3) in denying Cormier's exception. That statute provides in pertinent part:
If the workers' compensation judge decides it is in the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the workers' compensation judge may make an award that shall be final as to the rights of all parties to said petition and thereafter the workers' compensation judge shall have no jurisdiction over any claim for the injury or any results arising from same.
(Emphasis added).
However, we find that La.R.S. 23:1310.8(A)(3) is not applicable because the case is not now before the court on a claim for the work injury over which the OWC would no longer retain jurisdiction pursuant to that statute. Rather, the case is before the court on an action by the employer/insurer to set aside the settlement.
We find that La.R.S. 23:1310.3(E) is dispositive of the issue before us. It provides in pertinent part:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.
(Emphasis added).
In applying this statute to jurisdiction questions, we have drawn a distinction between those matters which "arise out of the Worker's Compensation Act, rather than merely relate to worker's compensation in general." Covington v. A-Able Roofing, Inc., 95-1126, p. 3 (La.App. 3 Cir. 3/6/96); 670 So.2d 611, 613. If the issue to be considered arises out of the Act, jurisdiction is vested in the OWC; if it merely relates to the workers' compensation claim, the OWC does not have subject matter jurisdiction. Id.
Clearly, the issue before this court is one involving a claim or dispute arising out of the workers' compensation statutes. Additionally, La.R.S. 23:1272(B) specifically provides that "[i]f the workers' compensation judge finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party." Obviously, this statute contemplates the OWC considering its own judgments in fraud and misrepresentation claims.
We specifically addressed this issue in Martin v. Red Simpson, Inc., 96-1177 (La. App. 3 Cir. 3/12/97); 692 So.2d 635, holding that the OWC had subject matter jurisdiction to annul its prior judgment based on fraud and ill practices because the action to annul arose out of the Workers' Compensation Act. In fact, the jurisprudence has consistently recognized the authority of the OWC to address the issue of the annulment of its own judgments. See Harrington v. Quality Steel Bldg. Erectors, 95-822 (La.App. 3 Cir. 3/6/96); 670 So.2d 1372, writ denied, 96-1315 *604 (La.6/28/96); 675 So.2d 1128; Ryder v. Industrial Constr. Co., 616 So.2d 857 (La. App. 3 Cir.), writ denied, 619 So.2d 1068 (La.1993).
The trial court also addressed the monetary damage claim raised by the plaintiffs' supplemental and amending petition. Concluding that the claim was tortious in nature, the trial court stated that the OWC had no jurisdiction to render a tort judgment. However, we treat this conclusion as dicta and need not address this issue because it was not raised in Cormier's exception of jurisdiction and is contained in the supplemental and amending petition, which was not filed until after the exception.

DISPOSITION
We grant Chris A. Cormier's supervisory writ and reverse the trial court's judgment denying his exception of subject matter jurisdiction. We remand this matter for entry of a judgment consistent with this opinion. However, we do not consider the authority of the trial court to hear the claim for damages as that issue is not properly before us. We tax all costs of these proceedings against Ellender's Portable Buildings, Inc., Safety National Casualty Corporation, and Sedgwick Claims Management Services, Inc.
WRIT GRANTED AND MADE PEREMPTORY.