| GARRISON, Judge Pro Tempore.
The claimant, Dorothy A. Weatherton, appeals three judgments that dismissed all of her claims filed in the Office of Workers’ Compensation (“OWC”). The defendants are her former employer, Isle of Capri Casino, and a court reporter, Accurate Reporting. We affirm.
Ms. Weatherton, a security officer at Isle of Capri, sustained a minor work-related injury in January 1998. Because Isle of Capri refused to pay her benefits, she filed a pro se Form 1008 (disputed claim). By judgment of April 8, 1999, the WCJ awarded her two weeks of indemnity benefits and a penalty of $2,000. Neither side appealed this judgment.
Ms. Weatherton then filed a new Form 1008, seeking additional indemnity benefits, medical expenses and penalties; she also demanded a new hearing on issues she failed to raise in her first claim. She amended this Form 1008 to claim medical benefits, lost wages, pain and suffering, medical malpractice and penalties totaling over $1.8 million. Isle of Capri filed an exception of res judicata, which the WCJ sustained, dismissing all claims. In an unpublished opinion, this court affirmed with respect to claims arising before the first judgment, but amended on grounds of continuing jurisdiction, La. R.S. 23:1310.8. The effect of that judgment was to permit her to litigate indemnity and medical benefits that might have accrued after the first judgment. Weatherton v. Isle of Capri Casino, 33,772 (La.App. 2 Cir. 8/23/00), 775 So.2d 706.[1]
|2In September 2001, Ms. Weatherton filed two more Form 1008s. The first demanded wage benefits, penalties and attorney fees. Although she made many filings expanding the issues, at two hearings on the matter she limited the issue to penalties and interest for failure to pay benefits within seven days of a judge’s order. At the first hearing, on February *1060 11, 2002, the WCJ rejected this claim as moot because the issue was then on appeal. At the second hearing, on March 11, 2002, the WCJ sustained Isle of Capri’s exception of res judicata, holding that penalties had been adjudicated in the prior claim. Ms. Weatherton has appealed, designating both of these rulings as error.[2]
Her other Form 1008 raised a litany of complaints against Isle of Capri; its attorney, Walter Salley; various doctors and the LSU Medical Center; and Accurate Reporting. To the extent they are comprehensible, these claims allege a massive conspiracy to deprive her of her rightful compensation. She ultimately demanded $15 million in damages. The defendants filed exceptions of lack of subject matter jurisdiction, res judicata and no cause of action. At a hearing on April 1, 2002, the WCJ sustained Accurate Reporting’s exceptions of lack of subject matter jurisdiction and res judicata, dismissing Accurate Reporting with prejudice. At a separate hearing on the same day, the WCJ found no subject matter jurisdiction over the claims of malpractice, unlawful practice, intentional tort and negligence; no cause of action against the health care providers, Isle of Capri’s attorney and other individual defendants; and a prior adjudication 18of all other claims under the Workers’ Compensation Act. These rulings were reduced to one judgment dismissing all of Ms. Weatherton’s claims against all remaining defendants with prejudice. She has appealed, designating this judgment as error.
This court consolidated the matters for briefing and argument.
Ms. Weatherton’s original brief, consisting of one typewritten page, does not designate any specific errors or advance arguments to support them. She claims “conspricy [sic ], theft of trying to deceive injuried [sic ] workers of there [sic ] benefits,” and charges the WCJ with intentionally omitting parts of prior proceedings. She also complains that the WCJ failed to hold a status conference that she requested. She then refers to her “pre-trail [sic ] statement and/or answer” for a listing of “all the reasons for the civil part of the case.” Finally, she asserts that court transcripts have been tampered with. Her reply brief reiterates she has “other proof of court records, etc., has [sic ] been tampered with.”
Ms. Weatherton designated as error the judgments of February 11 and March 11, 2002, which sustained Isle of Capri’s exception of res judicata to her claims for penalties and interest. However, she presents no argument to show that this was error, and our review of the record supports the WCJ’s conclusion that penalties were fully adjudicated at the initial hearings and by judgment of April 8, 1999. Neither side appealed that judgment. The instant judgments, sustaining the exception of res judicata, are affirmed.
The WCJ has “original, exclusive jurisdiction over all claims or disputes arising out of this Chapter [the Workers’ Compensation Act].” La. |4R.S. 23:1310.3 E. If an issue arises out of the Act, jurisdiction is vested in the OWC; however, if it merely relates to the compensation claim, the OWC does not have subject matter jurisdiction. Ellender’s Portable Bldgs. Inc. v. Cormier, 00-1724 (La.App. 3 Cir. 6/6/01), 787 So.2d 601, and citations therein. A tort claim that relates to a compensation claim must be filed in district court. Orthopedic Specialists of La. *1061 v. Western Waste Indus. Inc., 28,281 (La.App. 2 Cir. 5/13/96), 674 So.2d 1180.
We have closely reviewed Ms. Weather-ton’s briefs and the considerable filings she lodged in the OWC. Every one of her arguments sounds in tort, over which the OWC has no jurisdiction. For this reason, the judgment sustaining all defendants’ exceptions of lack of subject matter jurisdiction and no cause of action, is affirmed.
As for any other potential appellate issues, we deem them abandoned for failure to designate specific errors or provide arguments. URCA Rule 2-12.4; Weatherton v. Isle of Capri Casino, 36,343 (La.App. 2 Cir. 10/23/02, 829 So.2d 668), unpublished opinion.
For these reasons, the judgments appealed from are affirmed. All costs are assessed to Ms. Weatherton as provided by La. C.C.P. art. 5188.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, C.J., STEWART, CARAWAY, KOSTELKA, and HARRISON, JJ.
Rehearing denied.

. On remand, the WCJ awarded Ms. Weather-ton medical expenses of $750. On appeal, however, this court reversed that judgment as manifestly erroneous. The court also rejected Ms. Weatherton's appellate arguments for failure to comply with URCA Rule 2-12.4. Weatherton v. Isle of Capri Casino, 36,343 (La.App. 2 Cir. 10/23/02, 829 So.2d 668), unpublished opinion.

. She also designates a ruling of April 1, 2002, but that is actually a judgment in the other claim.