# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-620

**84 LUMBER COMPANY AND LUMBERMEN'S MUTUAL CASUALTY COMPANY**

**VERSUS**

**HONORABLE ALLEN M. BABINEAUX, IN HIS CAPACITY AS CURATOR FOR INTERDICT, RANDALL MARKS, NURSING CORPORATION OF AMERICA, INC., NURSING AMERICA, INC., OLSTEN-KIMBERLY QUALITY CARE, BLUE CROSS AND BLUE SHIELD OF MISSISSIPPI (d/b/a TRISPAN HEALTH SERVICES), CENTERS FOR MEDICARE AND MEDICAID SERVICES, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, JIM LETTEN, U.S. ATTORNEY FOR THE EASTERN DISTRICT OF THE UNITED STATES OF AMERICA, TOMMY THOMPSON, DIRECTOR OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC. AND OPELOUSAS GENERAL HOSPITAL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-3333
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders and Oswald A. Decuir, Judges.

**AFFIRMED.**

Philip E. Roberts
Roy, Bivins, Judice
P. O. Drawer Z
Lafayette, LA 70502
(337) 233-7430
Counsel for Defendant/Appellee:
      Our Lady of Lourdes Regional Medical Center, Inc.

Hugh B. Exnicios, Jr.
Exnicios Legal Center
247 Exnicios Drive
Folsom, LA 70437
(985) 796-8300
Counsel for Defendant/Appellee:
Honorable Allen M. Babineaux, in his capacity as Curator for
Interdict, Randall Marks

James B. Letten
Attorney at Law
501 Magazine Street, Suite 210
New Orleans, LA 70130
(504) 680-3000
Counsel for Defendant/Appellee:
U.S. Attorney General's Office
for the Eastern District of Louisiana

James Steven Gates
Morrow, Morrow, et al.
P. O. Drawer 1787
Opelousas, LA 70571
(337) 948-4483
Counsel for Defendant/Appellee:
Nursing America, Inc.
Nursing Corporation of America, Inc.

Donald Wayne Washington
Attorney at Law
300 Fannin  Street, Room #3201
Shreveport, LA 71101
(318) 262-6618
Counsel for Defendant/Appellee:
U.S. Attorney General's Office
for the Western District of Louisiana


Lawrence B. Frieman
Juge, Napolitano, Guilbeau, Ruli, Frieman & Whiteley
3838 N. Causeway Boulevard, Suite 2500
Metairie, LA 70002
(504) 831-7270
Counsel for Plaintiffs/Appellants:
Lumbermen's Mutual Casualty Company
84 Lumber Company

Nicholas Gachassin III
The Gachassin Law Firm
P. O. Box 80369
Lafayette, LA 70598-0369
(337) 235-4576
Counsel for Defendant/Appellee:
Opelousas General Hospital

**Agent C.T. Corporation System**
**Agent for Service**
**8550 United Plaza Blvd**
**Baton Rouge, La 70809**
**Counsel for Defendant/Appellee:**
      **Olsten-Kimberly Quality Care**

**Services Center of Medicare and Medicaid**
**7500 Security Blvd.**
**Baltimore, MD 21244-1850**
**Counsel for Defendant/Appellee:**
      **Center of Medicare and Medicaid Services**

**Tommy Thompson**
**Director of U.S. Department of Health & Human Services**
**200 Independences Avenue SW**
**Washington, DC 20530-0001**
**Counsel for Defendant/Appellee:**
      **Tommy Thompson**

**Gentiva Health Services, Inc.**
**3 Huntington Quadrangle**
**2 South**
**Melville, NY 11747-8943**
**Counsel for Defendant/Appellee:**
      **Gentiva Health Services, Inc.**

**Trispan Health Services**

**Blue Cross Blue Shield of MS**

**John Ashcroft**
**U.S. Attorney General**
**950 Pennsylvania Ave. NW**
**Washington, DC 20530-0001**
**Counsel for Defendant/Appellee:**
      **Department of Health & Human Resources**

**DECUIR, Judge.**

This lawsuit stems from a workers' compensation claim filed by Randall Marks against his employer, 84 Lumber Company, and its insurer, Lumbermen's Mutual Casualty Company. After final judgment was rendered in the compensation proceedings, 84 Lumber and Lumbermen's Mutual filed the instant action in district court against Marks and numerous health care providers seeking reimbursement of medical expenses paid to or on behalf of Marks pursuant to his workers' compensation claim. The trial court maintained Marks' exception of res judicata and dismissed the suit against all defendants. For the following reasons, we affirm the dismissal of the plaintiffs' petition.

Essentially, in the prior proceedings, the workers' compensation judge determined that Marks had sustained a work-related accident which caused a head injury and resulted in disabling depression. He found temporary, total disability and specifically awarded medical benefits for the treatment of depression. The workers' compensation judge further ruled that Marks had not met his burden of proving with clear and convincing evidence that the injury caused further physical problems:

> [T]he court denies the remaining claims, including the compensability of Mr. Marks' syncope or fainting spells. Marks has had more than twenty-four thousand documented spells, and wears a helmet which was prescribed to prevent head injury when he falls. He falls without protecting himself, and many of the doctors were persuaded at one point in time that the falls were genuine. Some experts continued to believe the falls are not feigned. However, the court finds overwhelming evidence that there is no physical basis for the syncope spells, and that the weight of the evidence establishes that the falls are conscious and deliberate, and therefore that aspect of the claim will be denied.

The decision of the Office of Workers' Compensation was affirmed at *Marks v. 84 Lumber Co.,* 00-322 (La.App. 3 Cir. 10/11/00), 771 So.2d 751.

The present case involves a claim for reimbursement of medical benefits expended for the diagnosis and treatment of Marks' syncope episodes, a cause of

action ordinarily addressed in an administrative forum by a workers' compensation judge. Therefore, we first address the obvious question of whether the trial court had jurisdiction over the subject matter of this action. This issue was raised by Marks among other exceptions and was briefly addressed and overruled by the trial court. In this appeal, it is raised by appellee, Opelousas General Hospital, in support of its position that the dismissal of all health care providers was proper. We discuss the jurisdictional question first, as a determination that the district court did not have subject matter jurisdiction will end our review. La.Code Civ. Proc. art. 3; *DeHaven v. DeHaven,* 412 So.2d 537 (La.1982); *Landrum v. Board of Com'rs of the Orleans Levee Dist.,* 95-1591 (La.App. 4 Cir. 11/27/96), 685 So.2d 382.

Subject matter jurisdiction may be raised at any stage of litigation or may be recognized by a court on its own motion. La. Code Civ. Proc. art. 925; *Nerness v. Christian Fidelity Life Ins. Co.,* 98-1827 (La. App. 3 Cir. 4/21/99), 733 So.2d 146. The workers' compensation statute specifically grants exclusive jurisdiction to the workers' compensation courts of all claims or disputes arising under that statute. La. R.S. 23:1310.3(E) provides:

> Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.

In addressing jurisdictional questions which arise under this statute, the courts distinguish between matters arising within the context of the workers' compensation laws and cases which merely relate to a compensation claim. In *Broussard, Bolton, Halcomb & Vizzier v. Williams*, 01-0219 (La. App. 3 Cir. 10/3/01), 796 So.2d 791, a fee dispute between two attorneys who represented a workers' compensation

2

claimant was found to be outside the jurisdiction of the OWC. In *Covington v. A-Able Roofing, Inc.,* 95-1126 (La.App. 3 Cir. 3/6/96), 670 So.2d 611, the court found the OWC did not have subject matter jurisdiction in a case involving the Business Corporation Law, La.R.S. 12:1 et seq. By contrast, this court in *Ellender's Portable Bldgs, Inc. v. Cormier,* 00-1724 (La. App. 3 Cir. 6/6/01), 787 So.2d 601, held the OWC has jurisdiction over a petition to nullify a compensation settlement. Similarly, in *Lee v. M & O, Inc.,* 00-1497 (La. App. 3 Cir. 2/28/01), 782 So.2d 124, *writ denied,* 01-1253 (La. 6/15/01), 793 So.2d 1249, an employer's action to recoup an overpayment of benefits was held to be within the jurisdiction of the OWC.

*Nunez v. Loomis Fargo & Co.,* 00-2519 (La. App. 4 Cir. 1/23/02), 807 So.2d 1063, *writ denied,* 02-0574 (La. 5/24/02), 816 So.2d 307, was a third party tort suit in which a compensation carrier intervened to recover compensation and medical benefits paid and a credit for future payments. The fourth circuit held the district court did not have jurisdiction to determine the issue of future credits, "a matter that arises out of the Worker's Compensation Act, and not merely a question that tangentially relates to worker's compensation in general." 00-2519, p. 14, 807 So.2d at 1070-71.

Specifically when faced with an employer's suit to recover benefits previously paid to a claimant as a result of the claimant's fraudulent acts, the courts have found the workers' compensation judge to have exclusive jurisdiction, based on the current statutory language providing for such. *See, Our Lady of the Lake Regional Medical Center v. Helms,* 98-1931 (La.App. 1 Cir. 9/24/99), 754 So.2d 1049, 1052-1053, *writ denied,* 99-3057 (La. 1/7/00), 752 So.2d 863. The second circuit cited *Our Lady of the Lake* with approval and held:

> An employer, under the quasi contractual obligation of unjust enrichment, is entitled to recover benefits wrongly paid as the result of

3

fraud. Where one is unjustly enriched at the impoverishment of another, without cause, the value of that enrichment must be restituted. *Our Lady of the Lake, supra*, citing *Minyard v. Curtis Products, Inc.*, 251 La. 624, 205 So.2d 422 (1967); and La. C.C. arts. 2298 and 2299. Accordingly, the 1997 amendment does not change the law substantively, but only sets forth that the Office of Workers" Compensation has jurisdiction to award a reimbursement of benefits.

*Yarnell Ice Cream Co. v. Allen,* 33,020 (La.App. 2 Cir. 5/10/00), 759 So.2d 1066, 1071, *writ recalled,* 00-1520 (La. 1/17/01), 777 So.2d 472. Subsequently, in *Allen v. Fireman's Fund Ins. Co.,* 36,606 (La. App. 2 Cir. 11/6/02), 830 So.2d 1120, *writ denied,* 02-2981 (La. 2/14/03), 836 So.2d 114, the second circuit again held the OWC, not the district court, has jurisdiction to resolve disputes arising out of this state's compensation laws. *See also, Yarnell Ice Cream Co. V. Allen,* 38,262 (La. App. 2 Cir. 3/3/04), 867 So.2d 969.

The instant case involves issues arising under the workers' compensation laws, including such questions as the claimant's right to diagnostic testing, and the medical distinction between his compensable depression and his non-compensable fainting syndrome. We find the workers' compensation court has exclusive jurisdiction of the controversy presented herein. Consequently, because the trial court was without jurisdiction to hear the case before it, the judgment dismissing the proceedings in favor of all defendants, albeit on other grounds, is affirmed.

Costs of this appeal are assessed to the plaintiffs.

**AFFIRMED.**

4