751 So.2d 983 (2000)
UNITED STATES FIDELITY AND GUARANTY COMPANY
v.
CIGNA PROPERTY AND CASUALTY COMPANY.
No. 99-CA-1851.
Court of Appeal of Louisiana, Fourth Circuit.
January 5, 2000.
Writ Denied March 24, 2000.
*984 James L. Donovan, Jr., Donovan & Lawler, Metairie, Louisiana, Counsel for Plaintiff.
Thomas J. Adair, Jr., Bolinger & Walker, Lafayette, Louisiana, Counsel for Defendant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER and Judge DENNIS R. BAGNERIS.
KLEES, Chief Judge.
This is an appeal from a judgment of the district court in this worker's compensation case. For the reasons stated herein, we reverse and remand.

Facts
Marcus Jenkins was employed by English Turn Fidelity Realty, Inc. when he suffered a work-related accident on July 11, 1995. At the time of the accident, English Turn's worker's compensation carrier was CIGNA, and CIGNA paid compensation benefits and medical claims on behalf of Jenkins. In January of 1996, Jenkins underwent surgery for his injuries, and subsequently returned to work. He suffered a second injury in December of 1996[1]. At the time of the 1996 injury, English Turn was insured for purposes of worker's compensation by United States Fidelity & Guaranty Co. (USF & G). Pursuant to its insurance contract, USF & G has made compensation payments and medical payments to Jenkins since the 1996 accident.
On October 27, 1997, USF & G filed a petition for declaratory judgment in Civil District Court naming CIGNA as defendant. *985 In this petition, USF & G alleged that there was a dispute between the two insurers as to whether there was a second accident, and USF & G sought reimbursement from CIGNA of the payments made to Jenkins.
In response to this petition, CIGNA filed an exception of lis pendens based on a suit USF & G had previously filed in the Office of Worker's Compensation based on the same cause of action. CIGNA also filed an exception of lack of subject matter jurisdiction arguing that USF & G's claims are within the exclusive jurisdiction of the worker's compensation court pursuant to LSA-R.S. 23:1310.3. USF & G subsequently amended its petition to allege that LSA-R.S. 23:1310.3 insofar as it applies to divest the trial court of this cause of action is unconstitutional. However, the trial court did not rule on the claim regarding the constitutionality of the statute.
Thereafter, USF & G filed a Motion for Declaratory Judgment seeking to resolve the issue of subject matter jurisdiction. This matter was heard on January 8, 1999, and the matter was taken under advisement by the trial court. On January 14, 1999, the court rendered judgment decreeing that the trial court had jurisdiction to resolve the claims between USF & G and CIGNA. In its reasons for judgment, the trial court stated as follows:
The Court finds that RS 23:1101D supports the proposition that the District Court has jurisdiction to determine rights of reimbursement or indemnification arising out of payments under the Workers Compensation Act.
This appeal followed.

Discussion
The sole issue presented for our review is whether the Civil District Court has subject matter jurisdiction to determine the claims raised by the insurer in the instant petition.
The governing law in a compensation action is that which was in effect at the time of the alleged injury. Bruno v. Harbert Intern., Inc., 593 So.2d 357 (La. 1992). At the time of the December 1996 injury, jurisdiction in worker's compensation claims was governed by LSA-R.S. 23:1310.3 E, which provided:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter.
This statute was subsequently amended by Act 94 of the 1997 Legislative Session and became effective in August of 1997. The statute currently provides as follows:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including, but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.
CIGNA contends that the amended statute which includes insurance coverage disputes and cross-claims between insurers in the jurisdiction of the worker's compensation court applies to the present situation. CIGNA argues that the amended statute did not change the substantive law, but merely provided a illustrative listing of those disputes within the OWC's jurisdiction. CIGNA contends therefore that the amended statute can be retroactively applied.
We agree. The statute as amended did not change the law. Further, we find that under an application of either version of the statute, the result is still the same. Courts interpreting the pre-1997 statute have held that LSA-R.S. 23:1310.3 requires that a claim actually "arise out of" the Worker's Compensation Act, rather than merely relate to worker's compensation *986 in general for the hearing officer to enjoy original jurisdiction of it. Cajun Bag and Supply v. Baptiste, 94-1218 (La. App. 3 Cir. 3/1/95), 651 So.2d 943; Williams v. Midwest Employers Cas. Co., 28,118 (La.App. 2 Cir. 2/29/96), 669 So.2d 616, writ denied, 96-0820 (La.5/17/96), 673 So.2d 610.
In the present case, USF & G is seeking to prove that the December 1996 accident was an aggravation of claimant's earlier injury, rather than a second injury. Such a determination will affect the payment of claimant's future claims for benefits and medical payments. This is clearly a matter which arises under the Worker's Compensation Act, and the Office of Worker's Compensation is the appropriate forum to determine whether in fact claimant suffered a new injury.
We also fail to find the provisions of LSA-R.S. 23:1101(D)(1) to be applicable in this case. That statute contemplates the relationship and rights of the employee and the employer as each relate to a third party tortfeasor. Although USF & G cites to Jackson v. American Mutual Liability Ins. Co., 95-1359 (La.App. 3 Cir. 6/12/96), 676 So.2d 716, writ denied, 96-2371 (La.12/6/96), 684 So.2d 927, that case is factually distinguishable from the facts in the present case. We do not dispute that where R.S. 23:1101 is applicable, the action can only be brought in district court. However, in the present case, the issues raised by USF & G relate directly to the benefits claimed by Mr. Jenkins as a result of his work-related injury at English Turn. Such issues are clearly within the jurisdiction of the worker's compensation court, and we conclude that the trial court erred in concluding otherwise.
Accordingly, for the reasons assigned herein, the judgment of the trial court holding that USF & G's claim against CIGNA is within the jurisdiction of the trial court is reversed. The case is hereby remanded to the Office of Worker's Compensation for further disposition consistent herewith.
REVERSED AND REMANDED.
NOTES
[1] It is disputed by the parties whether this was a new injury or an aggravation of the earlier injury.