# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-952


**BEUTLER ENGLAND CLINIC (CHERYL BROWN)**

**VERSUS**

**MARKET BASKET NO. 27**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT  3
PARISH OF CALCASIEU, NO. 04-03236
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**PETERS, J., dissents and assigns written reasons.**

Thomas A. Filo
Cox, Cox, Filo, Camel & Wilson, L.L.P.
723 Broad Street
Lake Charles, LA   70601
(337) 436-6611
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Beutler England Chiropractic Clinic
    Cheryl Brown

Rusty J. Savoie
Adams and Reese, LLP
339 Florida Street, 2nd Floor
Baton Rouge, LA   70801
(225) 615-8400
COUNSEL FOR DEFENDANT/APPELLEE:
    Market Basket No. 27

John S. Bradford
William B. Monk
Stockwell, Sievert, Viccellio, Clements
& Shaddock, L.L.P.
One Lakeside Plaza, Fourth Floor
Lake Charles,  LA 70601
(337) 436-9491
COUNSEL FOR:
    Southwest Louisiana Hospital  Association, Amicus Curiae

Floyd J. Falcon, Jr.
Avant & Falcon
Post Office Box 2667
Baton Rouge, LA  70821
(225) 387-4462
COUNSEL FOR:
    Louisiana American Federation of Labor and
    Congress of Industrial Organizations, Amicus Curiae

John E. Galloway
Galloway, Johnson, Tompkins, Burr & Smith
29466 Frost Road
Livingston, LA  70754
(225) 686-8664
COUNSEL FOR:
    F. A. Richard & Associates, Inc., Amicus Curiae

Stephen W. Glusman
Glusman, Broyles & Glusman, LLC
Post Office Box  2711
Baton Rouge, LA  70821
(225) 387-5551
COUNSEL FOR:
    Louisiana Association of Self Insured Employers, Amicus Curiae
    Louisiana Association of Business and Industry, Amicus Curiae

Denis Paul Juge
Juge, Napolitano, Guilbeau, Ruli,
Frieman & Whitely
American Plaza, Building D
2645 O'Neal Lane
Baton Rouge, LA  70816
(225) 754-7000
COUNSEL FOR:
    Cambridge Integrated Services, Amicus Curiae
    Crawford & Company, Amicus Curiae

**Christopher R. Philipp**
**Post Office Box 2369**
**Lafayette, LA   70502-2369**
**(337) 235-9478**
**COUNSEL FOR:**
     **Louisiana Municipal Risk Management, Amicus Curiae**

**Edward R. Wicker, Jr.**
**Barrasso, Usdin, Kupperman,**
**Freeman & Sarver, L.L.C.**
**LL&E Tower, Suite 1800**
**909 Poydras Street**
**New Orleans, LA   70112**
**(504) 589-9700**
**COUNSEL FOR:**
     **Helmsman Management Services Company, Amicus Curiae**
     **Employers Insurance of Wausau, Amicus Curiae**
     **Liberty Mutual Insurance Company, Amicus Curiae**

**Perry R. Staub, Jr.**
**Mark E. Van Horn**
**Larry E. Demmons**
**Taggart, Morton, Ogden, Staub,**
**Rougelot & O'Brien, L.L.C.**
**2100 Energy Centre**
**New Orleans, LA   70163**
**(504) 599-8500**
**COUNSEL FOR:**
     **First Health Group Corporation, Amicus Curiae**

**Cory R. Cahn**
**Entergy Services, Inc.**
**639 Loyola Avenue, 26th Floor**
**New Orleans, LA   70113**
**(504) 576-5533**
**COUNSEL FOR:**
     **Entergy Services, Inc., Amicus Curiae**

AMY, Judge.

Beutler England Chiropractic Clinic filed a disputed claim form in workers' compensation court, alleging that services billed pursuant to the workers' compensation fee schedule were not fully paid by an employer's insurer. It seeks payment of the full amount billed. The defendants contend that Beutler England contracted to receive only 85% of that permitted under the fee schedule. The workers' compensation judge granted the employer's exception of lack of subject matter jurisdiction, finding that the matter did not arise out of the workers' compensation statutes. Beutler England appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

This case involves a determination of whether the workers' compensation court has jurisdiction to consider a claim filed by a health care provider against an employer and insurer for reductions made pursuant to a preferred provider organization agreement, or PPO.

The record establishes that Cheryl Brown was employed by Market Basket #27 at the time she sustained a work-related injury. She sought treatment from Dr. Carol Beutler, a chiropractor and partner of the Beutler England Clinic.[1] According to Dr. Beutler, Ms. Brown reported "AIG" as her insurance provider. The clinic billed for the services rendered pursuant to the Louisiana Fee Schedule. AIG Claim Services, Inc. paid eighty-five percent of the fee charged.

Beutler England filed the disputed claim form initiating this matter in May 2004. The disputed claim form named Market Basket #27 as Ms. Brown's employer

---

[1] Testimony indicates that, at the time treatment was sought, Beutler England Clinic was operating as "England Masse." Although Beutler England was subsequently formed, Beutler England retained the billing responsibility for Ms. Brown's case and has pursued this matter before the court. For ease of discussion, we refer only to Beutler England throughout.

and "AIG Claim Service" as Ms. Brown's insurer. The form reflects Beutler England's complaint as "Underpayment of medical bills; penalties and attorney fees for arbitrary and capricious handling of this claim."

The defendants, Market Basket #27 and AIG Claim Services, Inc., assert that the reduced reimbursement rate is applicable in this case since Beutler England is part of the First Health Preferred Provider Organization. The record reflects that, in 1998, the predecessor of Beutler England joined the First Health Preferred Provider Organization Network. The agreement memorializing that agreement, entitled "First Health Preferred Provider Agreement," was entered into the record. As pointed out by the defendants, a portion of the agreement relates to workers' compensation claims and references a reduced rate for workers' compensation claims.[2] The defendants also point to an agreement between First Health and AIG Claim Services, Inc. whereby First Health permitted AIG Claim Services, Inc., to access the First Health PPO network.

---

[2] The agreement contains the following clause in an appendix:

D.     Reimbursement from Workers' Compensation Payors for services rendered to occupationally ill/injured employees shall be as follows:

    (1)    If any state law or regulation establishes rules or guidelines for the payment of health care services, reimbursement shall not exceed 85% of the maximum amount payable under such rules or guidelines. Any procedure code which is unvalued shall be reimbursed pursuant to Section A, Paragraph (3), of this Appendix. This rate of reimbursement shall apply whether such rules or guidelines are in existence at the time of execution of this agreement or established at a later time.

    (2)    In the absence of any state law or regulation set forth in Section D, Paragraph (1), reimbursement shall be the method set forth in Section A, Paragraphs (1), (2) and (3) of this Appendix, but in no event shall reimbursement exceed the usual and customary charge for the services as determined by First Health or Payor.

2

The defendants filed an exception of lack of subject matter jurisdiction. They argued that Beutler England's claim is not merely a fee dispute, but requires consideration of the legality of two related PPO contracts. The defendants asserted that consideration of this type of contractual claim has not been specifically delineated in a grant of authority to the Office of Workers' Compensation. Following a hearing, at which time the workers' compensation judge also heard evidence related to the merits of the suit, the workers' compensation judge granted the exception.[3]

Beutler England appeals, assigning the following as error in its brief to this court:

1. The Office of Workers' Compensation Hearing Officer erred in finding that it lacked subject matter jurisdiction over the claims asserted by BEUTLER ENGLAND CHIROPRACTIC CLINIC ("BEUTLER ENGLAND") for underpayment of workers' compensation medical bills pursuant to LSA-R.S. 23:1203 and LSA-R.S. 23:1034.2 and for penalties and attorney fees pursuant to LSA-R.S. 23:1201(F)(4).

2. The Office of Workers' Compensation Hearing Officer erred in failing to enter judgment after full and complete trial on the merits in favor of claimant, BEUTLER ENGLAND, for the amounts discounted below both the actual charges and the Louisiana Fee Schedule for services rendered to workers' compensation patient, Cheryl Brown.

_____

[3] In granting the exception of lack of subject matter jurisdiction, the workers' compensation judge adopted written reasons for ruling rendered in a case stated to be factually similar. In that case, the workers' compensation judge stated:

Whether these contracts "arise out of" or "merely relate to" or somehow in some metaphysical sense exist in both spheres concurrently really does not make much difference in so far as this exception is concerned in a situation where the business practices of these workers' compensation related corporations are governed by, or at least influenced by, state and federal statutes arguably in need of a judicial determination as to whether conflicts or constitutional issues are present.

The decision of this court is that for the reasons that I have taken pains to explain, issues involving contractual arrangements between and among the medical providers and insurance carriers and other related commercial entities are outside of the constitutional jurisdiction of the court.

3. The Office of Workers' Compensation Hearing Officer erred in failing to enter judgment after full and complete trial on the merits in favor of claimant, BEUTLER ENGLAND, for statutory penalties and reasonable attorney fees under LSA-R.S. 23:1201(F)(4).

We note that, in addition to the briefs of the parties, a number of amicus curiae briefs have been filed with this court addressing the merits of the claim and advocating their respective positions.

**Discussion**

*Subject Matter Jurisdiction*

Beutler England frames the question as one of a fee dispute between it as the health care provider and the employer/insurer, asserting in its brief to this court that: "Nowhere in the 1008 claim form does claimant seek redress for anything other than underpayment of medical bills and penalties and attorney fees associated therewith." Beutler England denies that it is seeking to have contracts rescinded or that it is seeking any relief provided by the Louisiana Civil Code. Instead, it contends that its cause of action arises solely under La.R.S. 23:1203 and its pursuit of penalties and attorney's fees is controlled exclusively by La.R.S. 23:1201(F)(4). Thus, Beutler England contends, the action is within the jurisdiction of the Office of Workers' Compensation pursuant to La.R.S. 23:1034.2. We conclude that the issues are not so simple.

In considering the parameters of the subject matter jurisdiction of a workers' compensation court, we turn first to the Louisiana Constitution, Article 5, § 16 which provides that "[e]xcept as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all

4

civil and criminal matters." Along with this constitutional declaration of jurisdiction, we consider related statutory authority, including La.R.S. 23:1310.3(E), which provides:

> Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.

Jurisprudence has established that the statute's inclusion of the phrase, "disputes arising out of this Chapter," is a particular one in that disputes merely *relating* to workers' compensation provisions have not been found to be within the jurisdiction of the workers' compensation court. *See Ellender's Portable Bldgs., Inc. v. Cormier*, 00-1724 (La.App. 3 Cir. 6/6/01), 787 So.2d 601; *Covington v. A-Able Roofing, Inc.*, 95-1126 (La.App. 3 Cir. 3/6/96), 670 So.2d 611; *Cajun Bag and Supply v. Baptiste*, 94-1218 (La.App. 3 Cir. 3/1/95), 651 So.2d 943. Given the constitutional grant of jurisdiction to the state's district courts, La.R.S. 23:1310.3 is narrowly construed by the courts and will not be read more broadly than its specific language. *Cajun Bag*, 651 So.2d 943.

Louisiana Revised Statutes 23:1034.2 provides for the workers' compensation reimbursement schedule, a portion of which Beutler England contends specifically confers jurisdiction in the present case. It provides, in pertinent part:

> F. (1) Should a dispute arise between a health care provider and the employee, employer, or workers' compensation insurer, either party may submit the dispute to the office in the same manner and subject to the same procedures as established for dispute resolution of claims for workers' compensation benefits.

Our review of the claims made and the applicable statutory authority indicates that this matter is not one that is within the jurisdiction of the workers' compensation court. Certainly, La.R.S. 23:1310.3 and La.R.S. 23:1034.2 appear to broadly indicate that fee disputes and workers' compensation insurer disputes are within the workers' compensation court's jurisdiction. However, the claim in this case is not a straightforward fee or insurance dispute. Instead, given the context of the case and the underlying contracts that will necessarily be considered, the initial issue which must be resolved is whether Beutler England contracted to receive less than the fee charged pursuant to the Louisiana Fee Schedule. If so, it must be determined whether that contract can coexist with La.R.S. 23:1034.2. Although Beutler England contends that it does not seek recision of a contract, its broad claim of a fee dispute cannot be fully considered outside of the defendants' contractual defense. Thus, the threshold question in this case sounds in contract, not the workers' compensation provisions. There is no specific grant of jurisdictional authority to the workers' compensation court to consider this type of question. Rather, at this stage in the proceeding, the issue to be resolved merely *relates* to the workers' compensation provisions. However, after a determination is made as to the amount of the fee that may be charged, any remaining claims for insufficient payment, penalties, and attorney's fees will remain and may then be brought in the workers' compensation court.

Due to our conclusion that the exception of lack of subject matter jurisdiction was properly granted, discussion of Beutler England's remaining assignments of error is pretermitted.

## DECREE

For the foregoing reasons, the ruling of the workers' compensation judge is affirmed. All costs of this proceeding are assigned to the appellant, Beutler England Chiropractic Clinic.

**AFFIRMED.**

NUMBER 05-952

COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

BEUTLER ENGLAND CLINIC (CHERYL BROWN)

VERSUS

MARKET BASKET NO. 27

PETERS, J., dissenting.

I respectfully disagree with the majority in this matter and would reverse the WCJ's grant of the exception of lack of subject matter jurisdiction. I find that the OWC does have subject matter jurisdiction to determine whether a health care provider who provides treatment to an injured employee in the workers' compensation context is entitled to receive the amount allowed by the fee schedule as opposed to an amount less than the fee schedule in accordance with a PPO contract discount. Essentially, while I agree with the majority that the specifics of the PPO contract are not properly within the OWC's jurisdiction, I find that Beutler England's claim for payment for treatment of Ms. Brown does not implicate the PPO contract because the PPO contract, whatever its provisions, may not be interposed to defeat the statutory obligation to provide necessary medical care for an employee within the fee schedule limits.

Specifically, the employer is obligated by La.R.S. 23:1203(A) to "furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." This obligation "is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S.

23:1034.2 or the actual charge made for the service, whichever is less." La.R.S. 23:1203(B). Importantly, pursuant to the fee schedule statute, La.R.S. 23:1034.2(F)(1), "[s]hould a dispute arise between a health care provider and the employee, employer, or workers' compensation insurer, either party may submit the dispute to the office in the same manner and subject to the same procedures as established for dispute resolution of claims for workers' compensation benefits." Thus, clearly, the claim for payment of medical expenses not only arises out of the Workers' Compensation Act, but there is also an express statutory provision granting OWC jurisdiction in case of a dispute between a health care provider and an employer/insurer for such payment.

Nevertheless, the defendants have attempted to interpose the PPO contract as a defense to full payment and assert that the attendant issues remove the dispute from the jurisdiction of the OWC. However, La.R.S. 23:1033 provides that "[n]o contract, rule, regulation or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this Chapter except as herein provided." As set forth above, the employer's liability for medical care is statutorily limited by the lesser of either the amount allowed in the fee schedule or the actual charge, not by the amount provided in a PPO contract. Accordingly, to the extent that the PPO contract purports to further limit the employer's liability for medical care, it runs afoul of La.R.S. 23:1033 and may not serve as a basis to reduce the amount owed to Beutler England for the treatment of Ms. Brown. Because the PPO contract may not serve as a basis to reduce the amount owed for the treatment of Ms. Brown, Beutler England's claim is properly before the OWC pursuant to La.R.S. 23:1034.2(F)(1) as a garden-variety medical expense claim. Whatever remaining rights the defendants have vis-à-

2

vis the PPO, in light of the Workers' Compensation Act's express disallowal of contracts in contravention of its provisions, is another issue for another forum.

Finally, I do note the in-depth policy discussions on both sides of the issue regarding the PPO contract. However, whatever the wisdom of allowing or not allowing PPO contract discounts to invade the workers' compensation arena, I find that the legislature has addressed the issue through La.R.S. 23:1033 and that any change in that regard must come from the legislature.

Accordingly, I would reverse the judgment below and remand the case for a determination on the merits.