# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 05-942

BEUTLER ENGLAND CHIROPRACTIC CLINIC (MARIE KERSHAW)

VERSUS

MERMENTAU  RICE, INC., ET AL.

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION,
DISTRICT 3,
PARISH OF CALCASIEU, NO. 03-1253,
SAM LOWERY, WORKERS' COMPENSATION JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy, Michael G. Sullivan, Glenn B. Gremillion, Elizabeth A. Pickett, Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Thibodeaux, Chief Judge, concurs and assigns additional reasons.

Cooks, J., concurs in the result for the additional reasons assigned by Judge Peters.

Peters, J., concurs in the result and assigns written reasons.

Sullivan, J., concurs in the result for the reasons assigned by Judge Peters.

Gremillion, J., concurs in the result for the reasons assigned by Judge Peters.

Pickett, J., concurs in the result for the reasons assigned by Judge Peters.

Thomas A. Filo
Cox, Cox, Filo, Camel & Wilson, L.L.P.
723 Broad Street
Lake Charles, Louisiana 70601
(337) 436-6611
**COUNSEL FOR PLAINTIFF/APPELLANT**:
    Beutler England Chiropractic Clinic

Janice B. Unland
Rabalais, Unland & Lorio
5100 Village Walk, Suite 300
Covington, Louisiana 70433
(985) 893-9900
**COUNSEL FOR DEFENDANTS/APPELLEES**:
    Mermentau Rice, Inc. and
    Louisiana Commerce and Trade Association Self-Insurers' Fund

Paul D. Gibson
Gibson-Gruenert, L.L.P.
P.O. Box 3663
Lafayette, Louisiana 70502
(337) 233-9600
**COUNSEL FOR DEFENDANT/APPELLEE**:
    MED-COMP, USA

**GENOVESE, Judge.**

This court has agreed to accept this case for hearing en banc for the purpose of determining whether the Office of Workers' Compensation has subject matter jurisdiction to consider a claim filed by a healthcare provider against an employer and its insurer over a fee reduction pursuant to a preferred provider organization agreement. In this case, the workers' compensation judge granted Defendants' exceptions of lack of subject matter jurisdiction, and Plaintiff appealed. For the following reasons, we reverse and remand.

## FACTS

Between May 8, 2002 and July 12, 2002, Marie Kershaw (Kershaw) was treated for a work-related injury at the Beutler England Chiropractic Clinic (Beutler Clinic), Plaintiff herein, while working for Mermentau Rice, Inc. (Mermentau Rice), Defendant herein. Mermentau Rice was insured by Defendant, Louisiana Commerce and Trade Association Self-Insurers' Fund (LCTA), for the workers' compensation claims of its employees. LCTA contracted with National Loss Control Management, Inc. (NLCM) to be its agent and third-party administrator for its workers' compensation claims.

Prior to providing medical treatment to Kershaw, Beutler Clinic had entered into a preferred provider organization contract (PPO) with an entity named MED-COMP, USA (MED-COMP), which has been made a third-party defendant herein, whereby Beutler Clinic agreed to a reduction or discount in medical treatment charges for its workers' compensation patients in exchange for its inclusion in the PPO network established by MED-COMP. MED-COMP had previously contracted with NLCM whereby MED-COMP agreed to reduce or discount the medical treatment charges of its network of PPOs in exchange for a fee.

1

Not having been paid in full for the services it rendered, Beutler Clinic, on February 17, 2003, filed a claim against Mermentau Rice and LCTA with the Office of Workers' Compensation (OWC) to recover for underpayment of Kershaw's workers' compensation medical bills pursuant to La.R.S. 23:1203 and La.R.S. 23:1034.2, and for penalties and attorney fees pursuant to La.R.S. 23:1201(F)(4). Mermentau Rice and LCTA answered Beutler Clinic's claim, asserting that they were entitled to the discount based on the contracts between the various parties.

On November 3, 2003, Kershaw agreed to a full and final lump sum settlement of her workers' compensation claim and released Mermentau Rice, LCTA, and NLCM. After various unrelated legal proceedings, Mermentau Rice and LCTA filed separate exceptions of lack of subject matter jurisdiction with the OWC, which were granted by the workers' compensation judge (WCJ) on May 25, 2005. Beutler Clinic then filed the present appeal.

## ISSUES

The following issues are presented by Beutler Clinic for review:

1. Whether the Office of Workers' Compensation possesses subject matter jurisdiction over the claim asserted by Beutler Clinic for underpaid workers' compensation benefits.

2. Whether the Office of Workers' Compensation possesses subject matter jurisdiction over the claim asserted by Beutler Clinic for penalties and attorney fees under the Louisiana Workers' Compensation Act.

3. Whether Marie Kershaw's prior settlement divested the Office of Workers' Compensation of subject matter jurisdiction over this claim brought by Beutler Clinic.

## LAW AND ARGUMENT

This case is one of many filed by various healthcare providers with the OWC, seeking to recover alleged underpayment of medical bills incurred as a result of treatment for work-related injuries. The initial issue to be decided is subject matter

2

jurisdiction, i.e., which judge (WCJ or district judge) has the legal authority to hear this type of case. The ultimate issue to be decided is the validity of the PPO contract in light of the mandates of the Louisiana Workers' Compensation Act. We conclude that the OWC does have subject matter jurisdiction over this contractual litigation.

Louisiana Constitution Article 5, § 16 provides, in pertinent part, as follows:

Section 16. **(A) Original Jurisdiction.** (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker[s'] compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.

The above-cited constitutional provision grants original jurisdiction to district courts over all civil and criminal matters, except as otherwise provided in the constitution, and *except as "provided by law for administrative agency determinations in worker[s'] compensation matters,"* which is set forth in Louisiana Revised Statutes Title 23 (emphasis added). Therefore, Louisiana Revised Statutes Title 23 is a statutory exception to the general rule set forth in the Louisiana Constitution granting district courts original jurisdiction.

The OWC is a tribunal of limited jurisdiction. Louisiana Revised Statutes 23:1310.3(E), *prior to its amendment effective August 15, 2005*, set forth the jurisdictional limits as follows:

E. Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive

3

jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.

Our supreme court in *Sampson v. Wendy's Management, Inc*., 593 So.2d 336, 339 (La.1992), has examined the question of subject matter jurisdiction of the OWC, stating:

> The claims for which hearing officers are given original, exclusive jurisdiction under [La.R.S.] 23:1310.3 are claims for any compensation or benefits. The Worker[s'] Compensation Act only provides for the administrative agency determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of worker[s'] compensation benefits.

In *Cajun Bag & Supply v. Baptiste*, 94-1218 (La.App. 3 Cir. 3/1/95), 651 So.2d 943, the issue was whether or not the OWC had subject matter jurisdiction over an employer's claim against its employee when the employer's action was not a "claim[] for any compensation or benefits" as phrased by the supreme court in *Sampson.* In *Cajun Bag & Supply*, this court expressly stated that La.R.S. 23:1310.3 "requires that a claim actually 'arise out' of the Worker[s'] Compensation Act, rather than merely relate to worker[s'] compensation in general, for hearing officers to [exercise] original jurisdiction over it." *Id.* at 948. Therefore, if the claim actually arises out of the act, the OWC has jurisdiction to decide the case; if the cause of action merely relates to workers' compensation in general, the district court has the jurisdiction to decide the case.

After a number of years of haggling over the issue of whether a matter arises out of the Workers' Compensation Act or merely relates to workers' compensation in general, which is determinative of whether the matter is to be tried before a district court judge or a WCJ, our legislature has specifically spoken.

4

This court notes the recent amendments to La.R.S. 23:1310.3. The Louisiana State Legislature passed 2005 La. Acts No. 257, § 1 which, among other things, amended La.R.S. 23:1310.3 for the purpose of "provid[ing] for the jurisdiction of the workers' compensation judges." The present version of La.R.S. 23:1310.3(E), which became effective August 15, 2005, now provides as follows:

§1310.3 **Initiation of claims; mediation; procedure**

E. Except as otherwise provided by R.S. 23:1101(B) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, *group self-insurance indemnity contract disputes*, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in the Chapter, *and cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution*, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et. seq. concerning entitlement to workers' compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.

(Emphasis added.)

In the 2005 amendment to La.R.S. 23:1310.3(E), the legislature specifically granted to workers' compensation judges original, exclusive jurisdiction over contractual disputes such as the one in the case at bar; however, said statute only became effective August 15, 2005. Beutler Clinic provided its chiropractic treatment to Kershaw in 2002, and the WCJ's decision granting the exceptions of lack of subject matter jurisdiction was rendered May 25, 2005, all *before* the effective date of the 2005 amendment.

In order for the 2005 amendment to La.R.S. 23:1310.3(E) to be applicable, it must have retroactive effect. The Louisiana Supreme Court addressed the issue of retroactivity of legislative enactments in the case of *Unwired Telecom Corp. v. Parish of Calcasieu*, 03-732, pp. 14-15 (La. 1/19/05), 903 So.2d 392, 403-04, stating:

[Louisiana Civil Code Article 6] provides:

In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.

In a like manner, [La.R.S. 1:2] provides:

No section of the Revised Statutes is retroactive unless it is expressly so stated.

Although [La.R.S. 1:2] does not distinguish between substantive, procedural, and interpretive laws, Louisiana jurisprudence has consistently treated it and [La.Civ.Code art. 6] as co-extensive. *Bourgeois v. A. P. Green Indus., Inc.*, 00-1528 (La. 4/3/01), 783 So.2d 1251, 125[7], n6.

In *Cole v. Celotex Corp.*, 599 So.2d 1058 (La. 1992), we interpreted these two provisions as requiring a two-fold inquiry:

First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural, or interpretive.

*Cole,* 599 So.2d at 1063.

Since the 2005 amendment to La.R.S. 23:1310.3(E) is silent regarding retrospective or prospective application, it must first be classified either as substantive, procedural, or interpretive. Substantive laws create, confer, define, destroy, or otherwise regulate rights, liabilities, causes of action, or legal duties. *Spera v. Lyndon Prop. Ins. Co.*, 00-1373 (La.App. 3 Cir. 3/7/01), 788 So.2d 56, *writ denied*, 01-874 (La. 6/1/01), 793 So.2d 193. "Substantive laws establish new rules, rights, and duties or change existing ones." *Segura v. Frank*, 93-1271, 93-1401, p. 12 (La. 1/14/94), 630 So.2d 714, 723, *cert. denied*, 511 U.S. 1142, 114 S.Ct. 2165 (1994). "Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Interpretive laws

6

merely establish the meaning the interpreted statute had from the time of its enactment." *Id.* (citations omitted); *Willis v. Gray Sales & Serv., Inc.*, 96-748 (La.App. 3 Cir. 1/22/97), 689 So.2d 522, *writ denied*, 97-491 (La. 4/18/97), 692 So.2d 450.

The issue of retroactivity, *vel non*, of La.R.S. 23:1310.3(E) was previously addressed by our colleagues in the fourth circuit in the case of *U.S. Fidelity & Guaranty Co. v. CIGNA Property & Casualty Co.*, 99-1851 (La.App. 4 Cir. 1/5/00), 751 So.2d 983, *writ denied*, 00-314 (La. 3/24/00), 758 So.2d 159.

In that case, 1997 La. Acts No. 94, § 1 which likewise amended La.R.S. 23:1310.3(E), was held to be retroactive. The fourth circuit held that the 1997 amendment to La.R.S. 23:1310.3(E) did *not* change the law and that, under an application of either version of the statute, the result would still be the same.

The same holds true in the case at bar. The 2005 amendment to La.R.S. 23:1310.3(E) does not change the law or affect the legal rights or remedies of the parties to seek redress of their respective grievances, and the result would be the same. It simply directs the litigants to the designated forum for resolution of their legal dispute. By enactment of this legislation, the legislature has determined that the OWC shall have original jurisdiction over insurance contractual disputes and their derivative cross-claims arising out of the Louisiana Workers' Compensation Act. The 2005 amendment is procedural because it prescribes a method for enforcing a substantive right. It does not create, confer, define, destroy, or otherwise regulate rights, liabilities, causes of action, or legal duties, nor does it establish new rules, rights, and duties or change existing ones. It merely designates the forum, i.e., the OWC as opposed to the district court, where this contractual dispute is to be resolved. The legal rights and remedies of the parties remain intact.

Generally, "an appellate court is bound to adjudge a case before it in accordance with the law existing at the time of its decision." *Segura*, 630 So.2d at 725. However, "[w]here the law has changed during the pendency of the suit and retroactive application of the new law is permissible, [as in this case,] the new law applies on appeal even though it requires [a] reversal of a trial court judgment which was correct under the law in effect at the time it was rendered." *Id.*; *Jacobs v. City of Bunkie*, 98-2510 (La. 5/18/99), 737 So.2d 14; *King v. Phelps Dunbar, L.L.P.*, 98-1805 (La. 6/4/99), 743 So.2d 181.[1]

Therefore, we find that 2005 La. Acts No. 257, which amends La.R.S. 23:1310.3, is procedural and thereby retroactive and that it confers original, exclusive jurisdiction upon the OWC to adjudicate the contractual dispute herein pertaining to the claim asserted by the Beutler Clinic.

Having ruled that the OWC does have jurisdiction over the claim asserted by Beutler Clinic, we further find that Kershaw's settlement did not divest the OWC of jurisdiction. Louisiana Revised Statutes 23:1310.3, as amended by 2005 La. Acts No. 257, statutorily confers jurisdiction over the claim asserted by Beutler Clinic, which is separate and independent from any of Kershaw's claims under the Louisiana Workers' Compensation Act. Kershaw's settlement does not affect or preclude Beutler Clinic's claim to recover for underpayment of its bill for services rendered in connection with this workers' compensation matter.

## DISPOSTION

For the foregoing reasons, the judgment of the WCJ granting the exceptions of lack of subject matter jurisdiction filed by Mermentau Rice and LCTA is reversed,

---

[1] Though we cite these decisions as supporting authority for the retroactive application of the law in question, we do not render judgment as to the correctness, *vel non*, of the trial court judgment in this case.

8

and this case is remanded for trial on the merits.

Costs for this appeal are assessed against Defendants/Appellees, Mermentau Rice, Inc. and Louisiana Commerce and Trade Association Self-Insurers Fund.

**REVERSED AND REMANDED.**

**BEUTLER ENGLAND CHIROPRACTIC CLINIC (MARIE KERSHAW)**

**VERSUS**

**MERMENTAU RICE, INC., ET AL.**

THIBODEAUX, Chief Judge, concurs for additional reasons.

I agree with the majority's opinion on the retroactive application of La.R.S. 23:1310.3 (E). While I also agree with the substance of Judge Peters's concurring opinion, I do not subscribe to the plurality opinion's statement "that the majority suggests that the legislature created new law through the amendment." In my view, the majority opinion does not set forth such an inference. Indeed, the majority states that the 2005 amendment "does not create, confer, define, destroy, or . . . establish new rules, rights, and duties, or change existing ones." Rather, it merely "direct the litigants to the designated forum for resolution of their legal dispute."

Thus, I agree with the majority opinion of Judge Genovese and add these additional reasons.

NUMBER 05-942

COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

BEUTLER ENGLAND CHIROPRACTIC CLINIC (MARIE KERSHAW)

VERSUS

MERMENTAU RICE, INC., ET AL.

PETERS, J., concurring.

In *Beutler England Clinic v. Market Basket No. 27*, 05-952 (La.App. 3 Cir. 12/30/05), 919 So.2d 816, a divided panel of this court concluded that the workers' compensation judge did not have subject matter jurisdiction to hear the same issue that is now before us. When a majority of both the original panel and a five-judge panel in the matter now before us reached an opposite conclusion, this court chose to hear the matter *en banc* to resolve the internal conflict. A majority of this court now resolves the conflict by concluding that the workers' compensation judge (WCJ) does have subject matter jurisdiction. I agree with that conclusion but choose to assign additional reasons for my position on this issue.

The majority opinion accurately sets forth the constitutional and statutory authority for determining the jurisdiction of the WCJ, as well as the jurisprudence interpreting the scope of that authority. As pointed out in the majority opinion, La.Const. art. 5, § 16, provides the workers' compensation exception to the original jurisdiction of the district courts, and Chapter 10 of Title 23 of the Louisiana Revised Statutes (the Louisiana Workers' Compensation Act (LWCA) as found in La.R.S. 23:1021, *et seq.*) establishes the parameters of that exception. In establishing those parameters, the legislature has provided that "[a] claim for benefits, the controversion of entitlement to benefits, *or other relief* under the Workers' Compensation Act *shall*

be initiated by the filing of the appropriate form with the office of workers' compensation administration." La.R.S. 23:1310.3(A) (emphasis added). The legislature has further provided that "the workers' compensation judge *shall* be vested with original, exclusive jurisdiction over *all* claims or disputes arising out of [Chapter 10]." La.R.S. 23:1310.3(E) (emphasis added).

The dispute currently before us involves the payment for medical services rendered by Beutler England. With regard to medical care, the employer's obligation to an injured employee is to "furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." La.R.S. 23:1203(A). Thus, assuming for the purpose of this opinion that Beutler England's services were necessary, had Mermentau Rice refused to furnish its employee with those services, the employee could have pursued her claim by filing a claim for benefits pursuant to La.R.S. 23:1310.3(A). No one would seriously question the WJC's original and exclusive jurisdiction to hear that issue as provided in La.R.S. 23:1310.3(E). However, the dispute in this matter is not between the employee and employer, but between the medical service provider and the employer. That is to say, this is not a case where the employer refused to pay for medical services, but one in which the medical service provider asserts that the employer did not pay enough for the services provided.

The employer's obligation with respect to the payment for medical services is not open-ended. Louisiana Revised Statutes La.R.S. 23:1203(B) limits the employer's reimbursement obligation to "the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined *under the reimbursement schedule* annually published pursuant to R.S. 23:1034.2 or the

2

actual charge made for the service, whichever is less." (Emphasis added.) All parties to this matter agree that Mermentau Rice tendered less than the amount required under the reimbursement schedule.

The LWCA addresses this issue with the same specificity as the dispute between the employer and employee. Louisiana Revised Statutes 23:1034.2(F)(1) provides in pertinent part that, "[s]hould a dispute arise between a health care provider and the employee, *employer, or workers' compensation insurer*, either party may submit the dispute to the office in the same manner and subject to the same procedures as established for dispute resolution of claims for workers' compensation benefits." (Emphasis added.) Beutler England's dispute is between it and the employer and insurer. Thus, it did just what La.R.S.23:1034.2(F)(1) requires—it submitted the dispute to the Office of Workers' Compensation Administration (OWCA) pursuant to the provisions of La.R.S. 23:1310.3(A). In other words, the statutory scheme clearly provides that any dispute between a medical service provider and the employer falls within the "other relief" contemplated in La.R.S. 23:1310.3(A). To conclude otherwise would be to ignore the clear language of the LWCA.

The majority opinion relies on the 2005 amendment to La.R.S. 23:1310.3 to conclude that the WJC has subject matter jurisdiction in this matter. In reaching its conclusion, the majority notes that, because the 2005 amendment is silent regarding retrospective or prospective application, we must classify it as either substantive, procedural, or interpretive. I agree. However, I do not agree with the majority's classification of the amendment as procedural in the sense that the majority suggests that the legislature created new law through the amendment. Rather, I find that the

3

amendment is interpretative of the existing rule of law as contained in the statutes cited herein. The comment in the "Historical and Statutory Notes" section accompanying the statute supports my conclusion, as it states that "Acts 2005, No. 257, § 1 *rewrote* subsec. E." (Emphasis added.) Changing a statute and rewriting a statute are two different concepts. Still, whether classified as procedural or interpretative, the result is the same.

I first note that Beutler England did not file a claim against the PPO. Instead, the employer and its insurer named the PPO as a third-party defendant. As they did in *Beutler England Clinic*, 919 So.2d 816, the defendants have attempted to interpose the preferred provider organization (PPO) contract as a defense to full payment, asserting that the attendant issues remove the dispute from the jurisdiction of the OWCA. In doing so, the employer and its insurer ignore the clear language of La.R.S. 23:1033, which provides that "[n]o contract, rule, regulation or device whatsoever shall operate to relieve the *employer*, in whole or in part, from any liability created by this Chapter except as herein provided." (Emphasis added.) As stated in my dissent in *Beutler England Clinic*, 919 So.2d at 821,

> [T]o the extent that the PPO contract purports to further limit the employer's liability for medical care, it runs afoul of La.R.S. 23:1033 and may not serve as a basis to reduce the amount owed to Beutler England for the treatment of [the injured employee]. Because the PPO contract may not serve as a basis to reduce the amount owed for the treatment of [the injured employee], Beutler England's claim is properly before the OWC pursuant to La.R.S. 23:1034.2(F)(1) as a garden-variety medical expense claim. Whatever remaining rights the defendants have vis-à-vis the PPO, in light of the Workers' Compensation Act's express disallowal of contracts in contravention of its provisions, is another issue for another forum.

Accordingly, I agree with conclusion reached in the majority opinion to reverse the judgment below and remand the case for a determination on the merits.

4