AMY, Judge.
| j Louisiana United Businesses Association Self Insured Fund (LUBA) appeals the workers’ compensation judge’s finding that she lacked subject matter jurisdiction over claims stemming from a workers’ compensation agreement between LUBA and its member. For the following reasons, we reverse and remand.
Factual and Procedural Background
The record indicates that Keith A. Miller (Miller) filed a disputed claim for compensation alleging that he was injured *1128 while in the course and scope of his employment with Ricky Ellender d/b/a Ellen-der’s Portable Buildings (Ellender). He subsequently filed an amended disputed claim adding LUBA, the workers’ compensation self-insured fund for Ellender, as a defendant. LUBA responded by filing a petition for declaratory judgment, in which it alleged that at the time of his accidents,[1] Miller was not employed with Ellender. As such, LUBA contended that the workers’ compensation agreement between it and Ellender did not provide coverage. This matter was consolidated with the workers’ compensation suit filed by Miller.[2]
Ellender filed an answer stating that at the time of his accidents, Miller was employed by him to work on the home of his brother, Dwayne[3] Ellender. Ellender, therefore, argued that “there is coverage under the LUBA contract.” In a supplemental and amending petition, LUBA alleged that Ellender “violated the provisions of [La.R.SJ 23:1208 by willfully making false statements and | ¡.representations with regard to the employment status of the claimant herein, Keith A. Miller.” LUBA also added Dwayne Ellender as a defendant, asserting that he “violated the provisions of [La. R.S.] 23:1208(B) by aiding and abetting Ricky Ellender d/b/a Ellender’s Portable Buildings, directly and/or indirectly, in making false statements and/or representations.”
The record shows that prior to trial, a settlement agreement was reached in which LUBA paid Miller $10,000.00, and he released all parties. LUBA reserved its right to assert its coverage issue. Trial was set for September 21, 2006. Before the submission of any evidence, the workers’ compensation judge held that since this was an allegation of insurance fraud, subject matter jurisdiction was lacking. LUBA appeals, asserting the following as error:
1. The trial court committed legal error by finding, sua sponte, that it lacked the requisite subject matter jurisdiction over the claims of coverage, indemnification and overpayment brought by the Appellant herein;
2. The trial court committed legal error in finding, sua sponte, that it lacked the requisite subject matter jurisdiction over claims brought by the Appellant pursuant to LSA-R.S. 23:1208; and
3. The trial court committed legal error in finding, sua sponte, that it lacked the requisite subject matter jurisdiction over claims brought by the Appellant pursuant to LSA-R.S. 23:1172.2.
Discussion
Subject Matter Jurisdiction ■
LUBA argues that the matter arises under the Workers’ Compensation Act insofar as its claims involve La.R.S. 23:1208[4] and La.R.S. 23:1172.2.[5] There *1129 fore, it Largues that the Office of Workers’ Compensation had the requisite subject matter jurisdiction.
In ruling that subject matter jurisdiction was lacking, the workers’ compensation judge explained:
The Court finds that if it were a [La. R.S. 23:]1208 [violation], you would have to link the fraud to the claimant. In this case, the claimant’s case was settled. At first glance to this Court, it appears to be a case of allegations of insurance fraud. It appears to be that there was a lie in not complying in their coverage application, an alleged lie of not complying in that coverage application. This does appear to be more an allegation of insurance fraud than 1208 fraud; therefore, I find that I do not have subject matter jurisdiction.
Louisiana Constitution Article 5, § 16 provides: “Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.” With regard |4to the claims in which the workers’ compensation judge is vested with original, exclusive jurisdiction, La.R.S. 23:1310.3 provides:
E. Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for. indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.
In Beutler England Chiropractic Clinic v. Mermentau Rice, 05-942 (La.App. 3 Cir. 5/31/06), 931 So.2d 553, this court decided whether the Office of Workers’ Compensation had jurisdiction over a healthcare pro *1130 vider’s claim. At the outset, we noted the jurisdiction granted to district courts in Article 5, Section 16 of the Louisiana Constitution. We also reiterated our holding in Cajun Bag & Supply v. Baptiste, 94-1218 (La.App. 3 Cir. 3/1/95), 651 So.2d 943, that pursuant to La.R.S. 23:1310.3(E), the Office of Workers’ Compensation has original jurisdiction over claims that arise out of the Workers’ Compensation Act, but not those that are simply related to workers’ compensation. Id.
Furthermore, we noted in Beutler that the amendment to La.R.S. 23:1310.3(E), which became effective on August 15, 2005 and has retroactive effect, outlined the types of claims or disputes in which the workers’ compensation judge will be vested with original, exclusive jurisdiction. Specifically, La.R.S. 23:1310.3(E) gives the workers’ compensation judge jurisdiction over “workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes” as well as | ./‘cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution^]” Having found that subject matter jurisdiction existed, we held that the employee’s settlement of his case did not divest the Office of Workers’ Compensation of jurisdiction insofar as La.R.S. 23:1310.3(E) “statutorily confers jurisdiction over the claim asserted by [the healthcare provider], which is separate and independent from any of [the employee’s] claims under the Louisiana Workers’ Compensation Act.” Beutler 931 So.2d at 558.
Here, LUBA’s claims arise out of the Workers’ Compensation Act insofar as La.R.S. 23:1310.3(E) confers original, exclusive jurisdiction upon the Office of Workers’ Compensation to adjudicate the contractual dispute relating to the claims asserted by LUBA, ie., that Ellender and Dwayne Ellender made false statements about Miller’s employment status and therefore, the workers’ compensation agreement did not provide coverage. Id. As in Beutler, the settlement of the employee’s (Miller’s) claim does not divest the Office of Workers’ Compensation of jurisdiction. Therefore, the workers’ compensation judge erred in finding that subject matter jurisdiction was lacking.
DECREE
For the foregoing reasons, the ruling of the workers’ compensation judge is reversed, and this case is remanded to the Office of Workers’ Compensation for a trial on the merits. All costs of this appeal are assessed against the defendant, Ricky Ellender d/b/a Ellender’s Portable Buildings.
REVERSED AND REMANDED.
SAUNDERS, J., dissents and assigns written reasons.
EZELL, J., dissents and assigns reasons.

. According to the disputed claim form, Miller alleged that he was injured on two separate occasions.

. For the companion case to this appeal, see Louisiana United Businesses Self Insurers Fund v. Ricky Ellender d/b/a Ellender’s Portable Bldgs., et al., 07-100 (La.App. 3 Cir. 10/17/07), 968 So.2d 1132.

. We note that throughout the record, the defendant's first name is spelled as both “Dwayne” and "Dwaine.” For purposes of this appeal, we use "Dwayne” as reflected on the record's cover.

. Louisiana Revised Statutes 23:1208 provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating *1129 any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.

. Louisiana Revised Statutes 23:1172.2 provides in pertinent part:
A. It shall be unlawful for any person to knowingly make any false, fraudulent, or misleading oral or written statement, or to knowingly omit or conceal material information for the purpose of obtaining workers’ compensation coverage, or for the purpose of avoiding, delaying, or diminishing the amount of payment of any workers’ compensation premiums.
B. It shall be unlawful for any person to knowingly misrepresent or conceal payroll, classification of workers, or information regarding any employer’s loss history which would be material to the computation and application of an experience rating modification factor for the purpose of avoiding or diminishing the amount of payment of any workers' compensation premiums.
C. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet any other person, or directly or indirectly counsel any other person, to engage in conduct in violation of this Section.