STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 08-3 c/w 08-4, 08-5, 08-6, 08-7, 08-8,
08-12, 08-13, 08-14, 08-15, 08-47

BROUSSARD PHYSICAL THERAPY

VERSUS

FAMILY DOLLAR STORES, INC. AND ACE AMERICAN INSURANCE CO.

**********

ON APPLICATION FOR SUPERVISORY WRITS
FROM THE
OFFICE OF WORKERS' COMPENSATION,
DISTRICT 02, NO. 07-00239
HONORABLE JAMES L. BRADDOCK, JUDGE

**********

**J. DAVID PAINTER**

**********

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Charles S. McCowan, Jr.
M. Dwayne Johnson
Todd A. Rossi
Jennifer Jones Thomas
P.O. Box 3513
Baton Rouge, LA 70821
Counsel for Third Party Defendant-Relator:
        Focus Healthcare Management, Inc.

Bray Williams
P.O. Box 15
Natchitoches, LA 71458
Counsel for Plaintiff-Respondent:
        Broussard Physical Therapy

Edward F. Stauss, III
P.O. Box 1151
Baton Rouge, LA 70821
Counsel for Defendants-Third Party Plaintiffs-Respondents:
        Family Dollar Stores and Ace American Insurance Co.

PAINTER, Judge.

Before this court on application for supervisory writs are eleven cases from the Office of Workers' Compensation (OWC), all raising the same jurisdictional issue: whether the Office of Workers' Compensation has jurisdiction over a contract dispute between the employer and a party with which the employer entered a preferred provider contract. Finding that the workers' compensation court has jurisdiction over these disputes, we affirm the ruling of the workers' compensation judge (WCJ).

## FACTS AND PROCEDURAL HISTORY

Respondent, Broussard Physical Therapy (Broussard), provided health care to an injured employee of Relator, Family Dollar Stores, Inc. (Family Dollar). Broussard filed a disputed claim for compensation against Family Dollar and its workers' compensation insurance provider, American Interstate Insurance Co. (American). Broussard claimed that Family Dollar and American were liable to it under La.R.S. 23:1021 for underpayment and/or late payment of the medical bills incurred by the Family Dollar employee.

Family Dollar and American filed a third party demand against Focus Healthcare Management, Inc. (Focus), with whom it had a preferred provider agreement or PPO contract. They sought defense of and indemnification from Broussard's claims. They argued that the underpayment resulted from discounts taken by Focus pursuant to the PPO contract and alleged that Focus was responsible to them under the contract for any amounts for which Family Dollar and/or American were found liable to Broussard.

1

Focus filed an exception of lack of subject matter jurisdiction. The workers' compensation judge (WCJ) denied the exception, and Focus filed this application for supervisory writs.

DISCUSSION

Relator herein asserts that the WCJ erred in finding that the Office of Workers' Compensation (OWC) has subject matter jurisdiction over this claim, because the claim does not arise out of the Workers' Compensation Act (the Act).

La.R.S. 23:1310.3(E) provides for the OWC to have jurisdiction as follows:

> Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers' compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.

This court in *Beutler England Chiropractic Clinic v. Mermentau Rice, Inc.*, 05-942 (La.App. 3 Cir. 5/31/06), 931 So.2d 553, considered the question of whether "the Office of Workers' Compensation has subject matter jurisdiction to consider a claim filed by a healthcare provider against an employer and its insurer over a fee reduction pursuant to a preferred provider organization agreement." *Id.* at 554. The court, sitting *en banc*, found that "In the 2005 amendment to La.R.S. 23:1310.3(E), the legislature specifically granted to workers' compensation judges original, exclusive jurisdiction over contractual disputes such as the one in the case at bar." *Id.* at 557.

2

Relator asserts in its writ application that the court's decision in *Beutler* is consistent with its position in that the court did not hold that the OWC had jurisdiction to adjudicate disputes between employers and the owners of PPO networks under their PPO contracts. Relator essentially argues that the dispute does not "arise out of" a workers' compensation action and does not, therefore, fall under the jurisdiction of the OWC pursuant to La.R.S. 23:1310.3. We disagree. After much consideration, we find that this court's reasoning in *Beutler* is equally applicable to the situation before the court.[1] Broussard alleges an underpayment for medical treatment due under the Act. The OWC has subject matter jurisdiction over Broussard's action against Family Dollar because it unquestionably arises out of the Act. Family Dollar is pursuing payment from Focus. If there were no question of an underpayment of amounts due under the Act, there would be no action by Family Dollar against Focus. Accordingly, that action, too, arises out of the Act. It would be difficult to envision a scenario in which an employer would sue a PPO network for failure to pay an employee's claims that would not arise out of a workers' compensation claim. Therefore, this action arises out of a workers' compensation action, and the OWC has subject matter jurisdiction over the dispute.

## CONCLUSION

For these reasons, the WCJ's denial of Relator's exception of subject matter jurisdiction is affirmed. Costs of this application are to be paid by the Relator.

**AFFIRMED.**

---

[1] Counsel for Focus has brought the recent case of *Gunderson v. F.A. Richard & Associates, Inc.*,07-331 (La.App. 3 Cir. __/__/__), ___ So.2d. ___, to the attention of this court. We find that *Gunderson* is a misinterpretation of this court's en banc decision in *Beutler* and does not apply to this case.